**In re BAYLOR MEDICAL CENTER AT GARLAND, Relator.**

No. 06–0491.

Supreme Court of Texas.

Argued Sept. 27, 2007.

Delivered Aug. 29, 2008.

R. Brent Cooper, Michelle E. Robberson, John A. Scully, Cooper & Scully, P.C.,

Derek S. Davis, Founders Square, Dallas TX, for Relator.

William M. Hayner Jr., William M. Hayner, William M. Hayner & Associates, Gil L. Daley II, Law Office of Gil L. Daley, II, P.C., Dallas TX, for Real Party in Interest.

Justice BRISTER delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice O'NEILL, Justice WAINWRIGHT, Justice GREEN, Justice MEDINA and Justice WILLETT joined.

Mandamus will not issue against a new judge for what a former one did.[1] In this medical malpractice case, the jury found for the defendant hospital, but the trial judge granted a new trial, allegedly based on juror affidavits prohibited by the rules.[2] As a new judge now presides over the trial court, Rule 7.2 requires abatement of this original proceeding to allow the successor to reconsider the order.[3]

But another rule prevents a trial judge from "ungranting" (i.e., vacating) a new trial order more than 75 days after it is signed.[4] As that deadline has passed, we can hardly ask the new judge to reconsider this order if he has no power to do so. The hospital urges us to reconsider this deadline, pointing out that it contradicts the general rules of plenary power and is unsupported by the current rules of civil and appellate procedure, stemming instead from a provision that has long since been repealed.

We agree. As with any other order, a trial court should be able to reconsider a new trial order as long as a case is still pending. Accordingly, we abate this proceeding for the current judge to reconsider the order.

## I. Background

Tammy and Steve Williams brought a medical malpractice lawsuit against Baylor Medical Center at Garland. The case was tried to a jury, which found in Baylor's favor. On May 6, 2005, Judge Joe Cox signed a final take-nothing judgment, but 82 days later granted a new trial after further hearings. Baylor unsuccessfully sought mandamus relief in the court of appeals, and then sought relief in this Court.

In the meantime Judge Nancy Thomas succeeded Judge Cox, so we abated the case pursuant to Rule 7.2:

(a) *Automatic Substitution of Officer.* When a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party if appropriate....

(b) Abatement. If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision.[5]

Two months later, Judge Thomas vacated the new trial order and reinstated judgment on the jury verdict. As required by our order, Baylor notified us of the development and moved to dismiss its petition as moot. But the same day we did so, the

---

1. *See* Tex.R.App. P. 7.2(b); *State v. Olsen,* 163 Tex. 449, 360 S.W.2d 402, 403 (1962) ("A writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks.").

2. *See* Tex.R. Civ. P. 327(b); Tex.R. Evid. 606(b).

3. Tex.R.App. P. 7.2(b).

4. *See Porter v. Vick,* 888 S.W.2d 789, 789–90 (Tex.1994); *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 826 (1961).

5. Tex R.App. P. 7.2.

Williamses asked Judge Thomas to reconsider, which she did and once again reinstated Judge Cox's new trial order.

Baylor petitioned this Court for relief. While the case was pending, Judge Jim Jordan was elected to take Judge Thomas's place.[6]

## II. Must Baylor File Again in the Court of Appeals?

■ As a preliminary matter, we must decide whether Baylor had to seek relief again in the court of appeals. Generally, a party must seek relief in the court of appeals before seeking it in this Court.[7] But the court of appeals has already considered this very order and denied relief;

6. We must address this issue even though the parties have not. See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 129 (Tex.2004) ("When we learned that the trial judge who denied Prudential's motion to quash had left office, we abated our proceeding to allow the parties to seek reconsideration by the current judge ...."); see also State v. Olsen, 360 S.W.2d at 403 (Tex.1962); In re Newby, 280 S.W.3d 298, 299–301, No. 07-07-0480–CV, 2007 WL 4374853, at *1 (Tex.App.–Amarillo Apr. 15, 2008, orig. proceeding) (taking judicial notice sua sponte that trial judge had been indefinitely suspended).

7. See Tex.R.App. P. 52.3(e); Republican Party of Texas v. Dietz, 940 S.W.2d 86, 94 (Tex. 1997).

8. See Porter v. Vick, 888 S.W.2d 789, 789–90 (Tex.1994); Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 826 (1961); Gallagher v. Willows at Sherman Assisted Living & Memory Care, LP, 244 S.W.3d 646, 648 (Tex.App.–Dallas 2008, no pet. h.); Garcia v. Rodriguez, 155 S.W.3d 334, 336 (Tex.App.–El Paso 2004, no pet.); In re Luster, 77 S.W.3d 331, 334–35 (Tex.App.–Houston [14th Dist.] 2002, mand. denied); In re Steiger, 55 S.W.3d 168, 170–71 (Tex.App.–Corpus Christi 2001, no pet.); Zapata v. ACF Indus., Inc., 43 S.W.3d 584, 585–86 (Tex.App.–Houston [1st Dist.] 2001, no pet.); Ferguson v. Globe–Tex. Co., 35 S.W.3d 688, 691–92 (Tex.App.–Amarillo 2000, mand. denied); In re Ellebracht, 30 S.W.3d 605, 607–08 (Tex.App.–Texarkana 2000, no pet.);

it was only because Baylor was misled into believing that its first petition was moot that a new one had to be filed. As this proceeding is nothing more than a continuation of the former one, it belongs here rather than in the court of appeals.

## II. Can the New Trial Orders be Vacated?

Nowhere but Texas can one find a single appellate opinion discussing when a court can "ungrant" a motion. Texas has more than 20, almost all dealing with our unique rule that an order granting a new trial cannot be "ungranted" more than 75 days after it is signed.[8]

In re Marriage of Wilburn, 18 S.W.3d 837, 843–44 n. 3 (Tex.App.–Tyler 2000, pet. denied); Biaza v. Simon, 879 S.W.2d 349, 357 (Tex.App.–Houston [14th Dist.] 1994, writ denied); Carrillo v. Fruehauf Corp., 838 S.W.2d 573, 574 (Tex.App.–San Antonio 1992), rev'd, 848 S.W.2d 83, 84 (Tex.1993); Rios v. State Farm Mut. Auto. Ins. Co., No. 13–07–00715–CV, 2008 WL 802457, at *1–2 (Tex.App.–Corpus Christi Mar. 27, 2008, no pet. h.); Autonation Direct.com Inc. v. Thomas A. Moorehead, Inc., No. 14–06–00711–CV, 2006 WL 3091480, at *1 (Tex.App.–Houston [14th Dist.] Nov. 2, 2006, no pet.); Quality Infusion Care, Inc. v. Ro–West Trust, No. 14–06–00740–CV, 2006 WL 2882953, at *1 (Tex.App.–Houston [14th Dist.] Oct. 12, 2006, no pet.); Hammons v. City Of Krugerville, No. 2–04–353–CV, 2005 WL 2838602, at *1 (Tex.App.–Fort Worth Oct. 27, 2005, pet. denied); Itis Inc. v. Kellam, No. 14–03–00598–CV, 2003 WL 21283811, at *1 (Tex.App.–Houston [14th Dist.] June 5, 2003, no pet.); Tex. Dep't of Protective & Regulatory Servs. v. Mastin, No. 03–01–00158–CV, 2002 WL 1343215, at *2 (Tex.App.–Austin June 21, 2002, no pet.); In re Simpson, No. 01–02–00285–CV, 2002 WL 467731, at *1–2 (Tex. App.–Houston [1st Dist.] Mar. 27, 2002, no pet.); Andres v. Whisner, No. 14–02–00574–CV, 2002 WL 31599903, at *1 (Tex.App.–Houston [14th Dist.] Nov. 21, 2002, no pet.); In re Gordon, No. 09–97–333–CV, 1997 WL 764735, at *1 (Tex.App.–Beaumont Dec.11, 1997, no pet.). Some courts have addressed the same rule without using the term "ungrant." See Gallagher, 244 S.W.3d at 648; In

This ungrammatical rule stems from *Fulton v. Finch,* a 1961 opinion in which we held that an order granting a new trial could not be set aside after the deadline for ruling on new trial motions.[9] That was because rule 329b at the time provided that all motions for new trial "must be determined" within 45 days:

> All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date.[10]

Because reinstating the original judgment was "tantamount to overruling [the] motion for new trial," we held the 45–day deadline imposed an absolute limit on when an order of new trial could be "*un* determined" and the original judgment reinstated.[11]

Rule 329b was amended effective January 1, 1981 to eliminate this "must be determined" provision.[12] Now, the rule terminates the trial court's plenary power 30 days after all timely motions for new trial are *overruled,*[13] but there is no provision limiting its plenary power if such motions are *granted.* Under the current rules, if no judgment is signed, no plenary-power clock is ticking.

But some 33 years after *Fulton* this Court issued *Porter v. Vick,* a five-paragraph per curiam opinion that read *Fulton* to render void any attempt to vacate a new-trial order after plenary power would have expired had the original judgment not been set aside.[14] But *Fulton* did not even mention plenary power; it turned on a rule, since repealed, requiring new trial orders to be decided within 45 days. The *Porter* opinion neither recognizes nor addresses the 1981 changes to rule 329b.

Instead, *Porter* imposed a deadline based on a purely hypothetical event: the expiration of plenary power assuming that a vacated judgment had instead become final. Plenary power of course expires only after final judgments, not vacated judgments. So *Porter*'s deadline is highly unusual; it is hard to think of any other case in which a deadline runs from a vacated order.

Moreover, rather than enforcing the rules of plenary power, the deadline in *Porter v. Vick* is inconsistent with them.[15] When a new trial is granted, the case

---

re Marriage of Trice, No. 06–00–00165–CV, 2001 WL 256323, at *1 (Tex.App.–Texarkana Mar. 16, 2001, no pet.); *In re 4H Entm't, Inc.,* No. 05–99–01956–CV, 1999 WL 1194109, at *1 (Tex.App.–Dallas Dec. 16, 1999, mand. denied). There has also been some question whether the deadline for "ungranting" such motions is 75 or 105 days. *See In re Steiger,* 55 S.W.3d at 171; *Biaza,* 879 S.W.2d at 357.

9.  162 Tex. 351, 346 S.W.2d 823, 826 (1961).

10.  Tex R. Civ. P. 329b(3), 17 Tex. B.J. 569 (1954, amended 1960).

11.  346 S.W.2d at 826 (italics in original).

12.  *See Order of Supreme Court of Texas, Adopting Amendments to Rules of Civil Procedure,*

599–600 S.W.2d (Court Rules) XXXIII, L–LI (June 10, 1980, eff. Jan. 1, 1981).

13.  Tex.R. Civ. P. 329b(e).

14.  888 S.W.2d 789, 789 (Tex.1994) ("[A]ny order vacating an order granting a new trial which was signed outside the court's period of plenary power over the original judgment is void.").

15.  *See Mathes v. Kelton,* 569 S.W.2d 876, 878 (Tex.1978) ("A trial court has plenary power to reverse, modify, or vacate its judgment at any time before it becomes final."); *Transamerican Leasing Co. v. Three Bears, Inc.,* 567 S.W.2d 799, 800 (Tex.1978) (same); Black's Law Dict. 870 (8th ed.2004) (defining "plenary jurisdiction" as "[a] court's full and absolute power over the subject matter and the parties in a case").

stands on the trial court's docket "the same as though no trial had been had."[16] Accordingly, the trial court should then have the power to set aside a new trial order "any time before a final judgment is entered."[17]

It is possible (though not mentioned in the opinion) that *Porter v. Vick* sought to prevent a situation where reinstatement of a previous judgment would prevent a party from having time to file an appeal. As parties have 90 days to appeal when a motion for new trial is filed,[18] retroactively reinstating an original judgment more than 90 days after it was signed arguably might prevent any appeal at all.[19] But we recently clarified that "a trial judge who modifies a judgment and then withdraws the modification has modified the judgment *twice* rather than never."[20] Rule 329b(h) provides that if a judgment is modified *"in any respect"* the appellate timetables are restarted.[21] Surely a judgment that is set aside by a new trial order has been modified in *some* respect, even if it is later reinstated.[22] Thus, if a new trial is granted and later withdrawn, the appellate deadlines run from the later order granting reinstatement rather than the earlier order.

■ It is true that if trial judges constantly reconsider prior orders, time and money can be wasted waiting for closure. But a rule preventing trial judges from *ever* reconsidering a prior order would be wasteful too. New trial orders are rare, and the long list of cases in footnote 8 shows that trial judges often think better of them. Perhaps a rule should be adopted placing a deadline on reinstating a judgment, even though no rule currently sets a deadline on signing a judgment in the first place. But a deadline that appears only in case law sets a trap for judges and litigants like the one they fell into here.

■ "A trial court's plenary jurisdiction gives it not only the authority but the responsibility to review any pre-trial order upon proper motion."[23] This principle is violated by the rule of *Porter v. Vick*, as succinctly noted by one Texas justice:

(1) [A]fter a motion for new trial has been granted, how can a trial court have ongoing plenary power to re-try the case, etc., but lack plenary power to vacate the decision to grant the motion for new trial?; (2) once a trial court determines that a motion for new trial has been improvidently granted and that a proper adjudication was, in fact, reached, why must the time and other resources of the parties and judicial sys-

**16.** *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex.2005) (quoting *Wichita Falls Traction Co. v. Cook*, 122 Tex. 446, 60 S.W.2d 764, 768 (1933)).

**17.** *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993).

**18.** Tex.R.App. P. 26.1(a)(1).

**19.** *See Zapata v. ACF Indus., Inc.*, 43 S.W.3d 584, 585 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

**20.** *Arkoma Basin Exploration Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 391 (Tex. 2008).

**21.** Tex.R. Civ. P. 329b(h) (emphasis added).

**22.** *See Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex.1988) ("We hold that any change, whether or not material or *substantial*, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected or reformed judgment is signed.").

**23.** *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985).

tem nevertheless be wasted to relitigate it?; and (3) why have such anomalies been allowed to persist? [24]

Federal courts and commentators agree: "There is no sound reason why the court may not reconsider its ruling [granting] a new trial" at any time.[25]

Accordingly, we overrule *Porter v. Vick*, and abate this case for Judge Jordan to reconsider whether to enter judgment on the jury verdict or to grant a new trial.

Justice JOHNSON filed a dissenting opinion.

Justice JOHNSON, dissenting.

I recognize that there are conceptual and practical difficulties with the holding of *Porter v. Vick*, 888 S.W.2d 789 (Tex. 1994). But those are better addressed through the rule-making process than through the decision-making process. I would not overrule *Porter*, and thus dissent.

Until the 1981 amendments to the Rules of Civil Procedure became effective, former Rule 329b(3) provided that motions and amended motions for new trial must be determined "within not exceeding forty-five (45) days after the original or amended motion is filed," unless the parties agreed otherwise in writing. Absent an agreement by the parties or an earlier ruling by the court, the motion for new trial was overruled by operation of law forty-five days after it was filed. Tex.R. Civ. P. 329b(3), 17 Tex. B.J. 569 (1955, amended 1981).

In *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961), we addressed the issue of whether a trial court had the power to reinstate a judgment that was set aside if the order reinstating it was entered beyond the forty-five days allowed for determining the motion for new trial. There the trial court granted a new trial within the specified forty-five day period. *Id.* at 825. After the forty-five day period lapsed, the trial court set aside the new trial order and reinstated the original judgment. *Id.* at 826. This Court held that an order granting a new trial must be set aside, if at all, within the forty-five day period set by the Rules. *Id.* at 827. We reasoned that "[i]t was not the intention of [Rule 329b] that an order granting a motion for new trial should remain open to countermand until a term of court which

---

**24.** *In re Luster*, 77 S.W.3d 331, 336 (Tex. App.–Houston [14th Dist.] 2002, mand. denied) (Edelman, J., concurring); *see also id.* at 336 n. 3 (noting court of appeals would "welcome" a rule change to overrule *Porter*).

**25.** 6A James Wm. Moore, Moore's Federal Practice ¶ 59.13[1], at 59–277 (2d ed.1996); *accord, U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 817–18 (8th Cir. 2003); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir.2000) ("In this case, the court's order for a new trial was an interlocutory order, and therefore the trial court had the power to revoke it and reinstate the judgment [four years later]."); *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir.1995); *McIsaac v. Didriksen Fishing Corp.*, 809 F.2d 129, 135 (1st Cir.1987); *Gallimore v. Mo. Pac. R.R. Co.*, 635 F.2d 1165, 1171 (5th Cir.1981) ("While Rule 59(d) limits the power of the court to grant a new trial on its own initiative to a time not later than 10 days after entry of judgment, there is nothing within its principles that precludes the court, on its own initiative, from vacating an order granting a new trial."); *Bateman v. Donovan*, 131 F.2d 759, 764 (9th Cir.1942) ("But as regards an order granting a new trial after verdict, such order being interlocutory and not final, since it leaves the case undisposed of, and the parties before the court, it may be set aside if erroneously granted, and this may be done even after expiration of the term."); *East Tenn. Natural Gas Co. v. 3.04 Acres in Patrick County*, No. 4:02–CV–000146, 2007 WL 1112678, at *1 (W.D.Va. April 12, 2007); W.W. Allen, Annotation, *Power of court to vacate or modify order granting new trial in civil case*, 61 A.L.R.2d 642, 645 (1958).

might be of six month's duration should finally expire." *Id.*

Amendments to the Rules effective in 1981 changed the numbering and language of Rule 329b. After the amendments, Rule 329b(c) provides that if a motion for new trial is not determined by written order within seventy-five days after the judgment is signed, the motion is overruled by operation of law. Rule 329b(e) now provides that the trial court has plenary power to grant a new trial until thirty days after a timely-filed motion is overruled by a written order or by operation of law, whichever occurs first.

For over twenty-seven years since its amendment, this Court has continued to interpret Rule 329b in accord with *Fulton.* In *Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83 (Tex.1993), the trial court granted a motion for new trial but vacated the order within the seventy-five day period referenced in Rule 329b. The court of appeals held that the trial court did not have authority to vacate its order granting the new trial. *Id.* at 84. Citing *Fulton,* we held that the trial court had plenary power to reconsider its order during the seventy-five day period specified by Rule 329b. *Id.* In *Porter,* 888 S.W.2d 789, we explained that *Fruehauf* did not alter the holding of *Fulton. Porter* concerned a non-jury trial in which Judge Vick entered judgment for the defendant. *Id.* at 789. The plaintiffs filed a motion for new trial, and a visiting judge granted it. *Id.* Judge Vick later vacated the new trial order. *Id.* The plaintiffs sought mandamus relief. *Id.* They contended that Judge Vick's order vacating the new trial was void because it was entered more than seventy-five days after the judgment was signed. *Id.* This Court sustained the contention and conditionally granted mandamus relief directing Judge Vick to set aside his order vacating the new trial order because it was void. *Id.* at 789–90. In doing so, we referenced how long the trial court's plenary power lasted when a new trial had been granted:

> All parties concede that Judge Vick signed the order vacating the order granting new trial *long past the time for plenary power over the judgment,* as measured from the date the judgment was signed. *See, e.g.,* TEX.R. CIV. P. 329b.
>
> [The plaintiffs] seek mandamus relief from this last order, contending it is void under *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 826 (1961), in which this court held that any order vacating an order granting a new trial which was signed outside the court's period of plenary power over the original judgment is void. We sustain their contention. We did not substantively modify the *Fulton v. Finch* rule in *Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83 (Tex.1993), but merely clarified that the trial court could vacate, or "ungrant," the new trial grant *within the plenary power period. Id.* (emphasis added).

The concept of a trial court's plenary power expiring seventy-five days from the judgment date has been questioned. *See Biaza v. Simon,* 879 S.W.2d 349, 356–57 (Tex.App.–Houston [14th Dist.] 1994, writ denied); *Gates v. Dow Chem. Co.,* 777 S.W.2d 120, 124 (Tex.App.–Houston [14th Dist.] 1989), *judgm't vacated by agr.,* 783 S.W.2d 589 (Tex.1989). Whether Rule 329b should be amended in regard to this issue has been the subject of discussion in the Supreme Court Advisory Committee. *See In re Luster,* 77 S.W.3d 331, 336 n. 3 (Tex.App.–Houston [14th Dist.] 2002, [mand. denied] ); Hearing on Rule 329(b) Before the Supreme Court Advisory Committee (Mar. 8, 2002) (transcript available at http://www.supreme.courts.state.tx.us/rules/scac/archives/2002/transcripts/030802pm.pdf) (last visited Aug. 26, 2008). But

the rule has not been amended and courts have appropriately followed our lead by holding orders vacating or "ungranting" new trial orders are void if entered more than seventy-five days from the date judgment was signed. *E.g., In re Luster,* 77 S.W.3d at 335; *Ferguson v. Globe–Texas Co.,* 35 S.W.3d 688, 691–92 (Tex.App.–Amarillo 2000, pet. denied) (noting that according to the plain language of Rule 329b(e), "a trial court may only vacate an order granting a new trial during the period in which its plenary power continues, and that plenary power only continues in effect for 75 days after the date the judgment is signed"); *see also* cases cited by the Court 280 S.W.3d at 229 n. 8.

I would adhere to the rule of *Fulton* and *Porter* until and unless Rule 329b is amended. We have said that once we adopt rules, they have the same force and effect as statutes.[1] *See In re City of Georgetown,* 53 S.W.3d 328, 332 (Tex. 2001); *Mo. Pac. R.R. v. Cross,* 501 S.W.2d 868, 872 (Tex.1973); *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428, 433 (1959). We consider stare decisis as having its greatest force in decisions construing statutes and statutory-like promulgations. *See Fiess v. State Farm Lloyds,* 202 S.W.3d 744, 749–50 (Tex.2006). In *Fiess,* we observed that if, over a quarter of a century previously, we had incorrectly interpreted an insurance policy form promulgated by a state agency, it was strange that the form had not been changed. *Id.* Similarly here, even though we are interpreting rules we have adopted, I would view prior interpretations of them with at least the deference we afford to a form promulgated by an agency. Absent unusual circumstances, once rules have been adopted and interpreted, as has Rule 329b in regard to the question before us, we should change those rules through the rules process as opposed to through decisions interpreting them. We have interpreted amended Rule 329b consistently for over twenty-seven years, and we interpreted its predecessor the same for twenty years before that. The rule has not changed since we last addressed it, and I would not reinterpret it now.

There are practical reasons for staying with the *Fulton* and *Porter* construct. Most of them relate to the idea that if a new trial is granted, at some point the verdict or judgment needs to be put behind the parties and court so they can focus on preparing for the new trial without worrying about what effect the prior verdict and judgment will have: they need closure as to the prior trial. For example, if a trial court grants a new trial and its power over whether to enter judgment on the prior verdict or non-jury judgment is not restricted, then the party who prevailed in the prior trial can, and probably will, pursue motion(s) to vacate the new trial order whenever a colorable argument can be made. The situation in this case provides an example of what can happen. The Court is remanding for the *third* judge to consider whether a new trial is appropriate or whether judgment should be entered on the verdict. When a new trial has been granted and a new judge takes over the case for *any* reason, why would the party who prevailed during the first trial *not* move for judgment to be entered on the result of the trial under today's decision? And this rule may also entail political consideration for judges

---

1. The Court does not adopt rules in a vacuum. It is assisted in the task by a Supreme Court Advisory Committee and numerous other sources, including State Bar committees and sections of the Bar, legislators, lawyers in general, and the public. *See* Texas Court Rules: History and Process, http://www. supreme.courts.state.tx.us/rules/history.asp (last visited Aug. 26, 2008).

who have granted new trials. Further, under the Court's construct, a trial court theoretically has the power to grant more than one new trial and then pick the verdict or result the judge prefers. There needs to be some cutoff beyond which the parties and the trial court can proceed to the new trial without having the spectre of the prior verdict and judgment hanging over them. That can be, and in my view should be, done by rule.

I would follow *Porter* and would not remand for the current judge to reconsider the order granting a new trial. I would hold that the trial court's plenary power to vacate the order has expired and to remand would be useless. I would address the issues of whether Baylor is entitled to mandamus review, and if so, whether it is entitled to relief.