TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00227-CV






In re Rhyan Technology Services, L.L.C. and E. William Rhyan






ORIGINAL PROCEEDING FROM TRAVIS COUNTY




M E M O R A N D U M O P I N I O N


 Relators Rhyan Technology Services, L.L.C. ("RTS") and E. William Rhyan
("Rhyan") filed this petition for writ of mandamus requesting that we order the district court to
vacate its order disqualifying Edward P. Watt and the Watt Law Firm from representing them, either
individually or together, in this case. The parties correctly designated the district court judge who
signed the disqualification order, the Honorable Scott Ozmun, as the respondent. See In re Schmitz,
No. 07-0581, 2009 Tex. LEXIS 304, at *3-4 (Tex. May 22, 2009) ("The proper respondent in a
mandamus action is 'the person against whom relief is sought.'" (quoting Tex. R. App. P. 52.2)). 
"For judicial orders, that should generally be the judge who made the ruling," who may not
necessarily be the presiding judge of the court in which the case was filed. Id. at *4.

 We note sua sponte, however, that Judge Ozmun is now deceased. See In re Baylor
Med. Ctr., 280 S.W.3d 227, 229 n.6 (Tex. 2008) (noting that where respondent trial judge is no
longer in office, court shall address such issue even if parties have not). We must therefore decide
whether these circumstances require us to abate the mandamus proceeding in accordance with
rule 7.2 of the rules of appellate procedure.

 Rule 7.2 provides:


(a) Automatic Substitution of Officer. When a public officer is a party in an official
capacity to an appeal or original proceeding, and if that person ceases to hold office
before the appeal or original proceeding is finally disposed of, the public officer's
successor is automatically substituted as a party if appropriate. . . .


(b) Abatement. If the case is an original proceeding under Rule 52, the court must
abate the proceeding to allow the successor to reconsider the original party's
decision.



See Tex. R. App. P. 7.2. As the Texas Supreme Court has acknowledged, "it is never entirely
predictable who will preside over a case when it returns to a trial court," particularly in counties with
a central docket, like Travis County. See Schmitz, 2009 Tex. LEXIS 304, at *5. Furthermore, "the
respondent is not critical in mandamus proceedings, as only the real party in interest actually appears,
argues, and is affected by the outcome. . . . Of course, the writ must be directed to someone, but in
the final analysis any judge sitting in the case after mandamus relief is granted would be compelled
to obey it." Id. at *6. Nevertheless, the supreme court, having endorsed the position that the judge
who actually signed the order complained of is the proper respondent in a mandamus proceeding,
has consistently applied the abatement rule in cases when the judge who signed the order has since
left office. See Baylor Medical, 280 S.W.3d at 228; In re Prudential Ins. Co., 148 S.W.3d 124, 129
(Tex. 2004). (1)

 Accordingly, we will also apply rule 7.2 in this case. We therefore abate this original
proceeding and direct the parties to bring the motion to disqualify counsel to the attention of the trial
court. In the event that the Travis County district court judge who hears the matter again orders
relators' counsel to be disqualified or otherwise confirms the order previously entered, that judge
shall be substituted as respondent in this proceeding. The parties are requested to file a status report
with this Court on or before September 16, 2009. See Tex. R. App. P. 7.2(a), (b).


 

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed: August 5, 2009
1. The supreme court did not apply the abatement rule in In re Schmitz, however, because
although the presiding judge had left office and been replaced, the challenged order had in fact been
signed by a judge who remained in office. See 2009 Tex. LEXIS 304, at *2-3.