# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00227-CV

**In re Rhyan Technology Services, L.L.C. and E. William Rhyan**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relators Rhyan Technology Services, L.L.C. ("RTS") and E. William Rhyan ("Rhyan") filed this petition for writ of mandamus requesting that we order the district court to vacate its order disqualifying Edward P. Watt and the Watt Law Firm from representing them, either individually or together, in this case. The parties correctly designated the district court judge who signed the disqualification order, the Honorable Scott Ozmun, as the respondent. *See In re Schmitz*, No. 07-0581, 2009 Tex. LEXIS 304, at *3-4 (Tex. May 22, 2009) ("The proper respondent in a mandamus action is 'the person against whom relief is sought.'" (quoting Tex. R. App. P. 52.2)). "For judicial orders, that should generally be the judge who made the ruling," who may not necessarily be the presiding judge of the court in which the case was filed. *Id.* at *4.

We note sua sponte, however, that Judge Ozmun is now deceased. *See In re Baylor Med. Ctr.*, 280 S.W.3d 227, 229 n.6 (Tex. 2008) (noting that where respondent trial judge is no longer in office, court shall address such issue even if parties have not). We must therefore decide whether these circumstances require us to abate the mandamus proceeding in accordance with rule 7.2 of the rules of appellate procedure.

Rule 7.2 provides:

> (a) Automatic Substitution of Officer.  When a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party if appropriate. . . .

> (b) Abatement.  If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision.

*See* Tex. R. App. P. 7.2.  As the Texas Supreme Court has acknowledged, "it is never entirely predictable who will preside over a case when it returns to a trial court," particularly in counties with a central docket, like Travis County.  *See Schmitz*, 2009 Tex. LEXIS 304, at *5.  Furthermore, "the respondent is not critical in mandamus proceedings, as only the real party in interest actually appears, argues, and is affected by the outcome. . . .  Of course, the writ must be directed to someone, but in the final analysis any judge sitting in the case after mandamus relief is granted would be compelled to obey it."  *Id.* at *6.  Nevertheless, the supreme court, having endorsed the position that the judge who actually signed the order complained of is the proper respondent in a mandamus proceeding, has consistently applied the abatement rule in cases when the judge who signed the order has since left office.  *See Baylor Medical*, 280 S.W.3d at 228; *In re Prudential Ins. Co.*, 148 S.W.3d 124, 129 (Tex. 2004).[1]

---

[1]  The supreme court did not apply the abatement rule in *In re Schmitz*, however, because although the presiding judge had left office and been replaced, the challenged order had in fact been signed by a judge who remained in office.  *See* 2009 Tex. LEXIS 304, at *2-3.

Accordingly, we will also apply rule 7.2 in this case. We therefore abate this original proceeding and direct the parties to bring the motion to disqualify counsel to the attention of the trial court. In the event that the Travis County district court judge who hears the matter again orders relators' counsel to be disqualified or otherwise confirms the order previously entered, that judge shall be substituted as respondent in this proceeding. The parties are requested to file a status report with this Court on or before September 16, 2009. *See* Tex. R. App. P. 7.2(a), (b).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed: August 5, 2009

3