In The

Court of Appeals

Ninth District of Texas at Beaumont
____________________

NO. 09-09-00186-CV
____________________

IN RE MYLAN, INC., f/k/a MYLAN LABORATORIES, INC., 
MYLAN BERTEK PHARMACEUTICALS, INC., and 
MYLAN PHARMACEUTICALS, INC.




Original Proceeding




ORDER
            Mylan, Inc., f/k/a Mylan Laboratories, Inc., Mylan Bertek Pharmaceuticals, Inc., and
Mylan Pharmaceuticals, Inc., (collectively “Mylan”) filed a petition for writ of mandamus
to compel the judge of the 60th District Court of Jefferson County, Texas to either grant
Mylan’s objections to the notice of intent to depose a corporate representative or to restrict
the topics to be covered in the depositions. On April 28, 2009, the Multi-District Litigation
Panel stayed all trial court proceedings in the underlying case, Willie Davis. Jr., et al. v.
Mylan, Inc., f/k/a Mylan Laboratories, Inc., et al. No. B-182,194 (60th Dist. Ct., Jefferson
County, Tex.). See In re Phenytoin Litig., No. 09-0267 (Tex. M.D.L. Panel, Apr. 28, 2009). 
On August 5, 2009, the Panel granted a motion to transfer and assigned Cause No. B-182,194
to the Honorable Jeff Walker, Judge of the 96th District Court of Tarrant County. See In re
Phenytoin Litigation, No. 09-0267 (Tex. M.D.L. Panel, Aug. 5, 2009). The panel lifted the
stay order.
           After notice of transfer is filed in the trial court, the trial court must take no further
action in the case except for good cause and after conferring with the pretrial court. Tex. R.
Jud. Admin. 13.5(b), reprinted in Tex. Gov’t Code Ann. tit. 2, subtit. F app. (Vernon Supp.
2008). The pretrial judge has exclusive jurisdiction over the transferred case. Id. 13.6(a). 
The pretrial court has the authority to decide all pretrial matters, including discovery, and
may set aside or modify any pretrial ruling made by the trial court before transfer over which
the trial court’s plenary power would not have expired had the case not been transferred. Id.
13.6(b). After a case is transferred, the pretrial court should promptly schedule a hearing to
consider among other things, scheduling discovery proceedings and setting appropriate
limitations on discovery. Id. 13.6(c)(4). “An order . . . of the trial court or pretrial court may
be reviewed by the appellate court that regularly reviews orders of the court in which the case
is pending at the time review is sought[.] . . .” Id. 13.9(b). In this case, the trial court did not
issue a written order on the relators’ motion and the date for the deposition has passed and
will have to be rescheduled. Under these circumstances, issues relating to the deposition
should be presented to the pretrial court rather than this Court.
            “Mandamus will not issue against a new judge for what a former one did.” In re
Baylor Med. Ctr. at Garland, 280 S.W.3d 227, 228 (Tex. 2008). Thus, a mandamus
proceeding will abate while a successor judge reconsiders the matter. Id.; Tex. R. App. P.
7.2(b). Rule 7.2(b) does not apply when the judge who signed the order has not left office. 
In re Schmitz, 285 S.W.3d 451, 454 (Tex. 2009). Although the judge who made the ruling
that is challenged in this proceeding has not left office, all further pre-trial proceedings will
be heard by the judge of the 96th District Court. This situation is analogous to a situation in
which Rule 7.2 would apply. The pretrial court should be allowed to consider the relators’
motion to quash the deposition. We may grant “any just relief” pending our action on the
petition for writ of mandamus. See Tex. R. App. P. 52.10(b).
           It is, therefore, ORDERED that the deposition of a corporate representative of Mylan
is stayed until the pretrial court reconsiders Mylan’s motion to quash or until further order
of this Court. This original proceeding is hereby abated, and will remain abated during the
consideration and review of the motion to quash by the pretrial court. If the pretrial court
rules on the motion to quash the deposition, this proceeding will be reinstated and dismissed
as moot. If the pretrial court declines to rule on the motion to quash, this proceeding will be
reinstated and this Court will determine whether the trial court abused its discretion in failing
to either quash the notice of deposition or tailor the scope of the deposition.
            TEMPORARY RELIEF GRANTED; PROCEEDING ABATED.
           ORDER ENTERED August 31, 2009.
                                                                                                   PER CURIAM

Before Gaultney, Kreger, and Horton, JJ.