

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00226-CV

## IN RE TOUPS LAW FIRM

_____

## Original Proceeding

---

## MEMORANDUM  OPINION

---

By opinion and judgment dated August 25, 2010, this Court conditionally granted the mandamus petition filed by the Toups Law Firm, advising Respondent, the Honorable John A. Hutchinson III, assigned judge to the County Court at Law No. 1 of Brazos County, that a writ of mandamus would issue if he failed to notify this Court in writing within fourteen days that he had cancelled a *lis pendens* filed in connection with the underlying suit.  Carolyn G. Vance has filed a motion for rehearing and a motion to deny or dismiss the mandamus petition because a new judge has been assigned to the underlying suit.

Shortly after filing the mandamus petition in this proceeding, Toups (and its client William R. Vance, Jr.) filed a motion to disqualify and recuse Judge Hutchinson.

Judge Hutchinson referred the motion to the presiding judge for the administrative judicial region whom Toups and Vance also challenged by motion to disqualify and recuse. As a result of these motions, the Presiding Judge of the Statutory Probate Courts assigned the Honorable William T. McGee to preside over the underlying suit. *See* TEX. GOV'T CODE ANN. § 25.0022 (Vernon Supp. 2010).

Toups has filed a response arguing that the Supreme Court's decision in *In re Schmitz*, 285 S.W.3d 451 (Tex. 2009) (orig. proceeding), is "controlling adverse and dispositive precedent" on the issue. According to Toups, *Schmitz* stands for the proposition that abatement is not proper when the named respondent is replaced by another judge. Toups also requests that we sanction Carolyn for her failure to call our attention to this "controlling" authority.

*Schmitz* concerned a very unique procedural circumstance in which the named respondent did not make the ruling which was challenged by mandamus and then was succeeded by a different judge before the Supreme Court decided the case. In Bexar County where the case originated, the district courts maintain a central docket system and pretrial motions like that under consideration are generally heard by one of the county's thirteen civil district judges on a monthly rotating basis. *Id.* at 453. Thus, the judge who ruled on the challenged motion was not the elected judge for the district court in which the motion was filed, but she was still in office at the time the Supreme Court ruled on the mandamus petition. *Id.*

The Supreme Court explained, "The question is whether to abate this case for reconsideration when the judge who ceased to hold office never ruled on the motion,

and the judge who did rule on it is still in office." *Id.* After defining the narrow issue presented, the Court held "that abatement is not required *in these circumstances*." *Id.* (emphasis added).

Here, Toups seeks mandamus relief against Judge Hutchinson who denied the motion to cancel the *lis pendens*. Judge Hutchinson is no longer presiding in the underlying case. This is different from the procedural posture of *Schmitz* in which the judge who made the challenged ruling was still in office. Thus, *Schmitz* does not apply. And because *Schmitz* is not "controlling adverse and dispositive precedent," Toups's motion for sanctions is denied.

"Mandamus will not issue against a new judge for what a former one did." *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding). Until Judge McGee has had a reasonable opportunity to consider the summary-judgment motion in which Toups requests dissolution of the *lis pendens*, it would be premature for us to address the issues in this mandamus proceeding. *See In re Shellhorse*, No. 10-10-00111-CV, 2010 WL 2706115, at *1 (Tex. App.—Waco July 7, 2010, orig. proceeding) (mem. op.).

Therefore, we withdraw the opinion and judgment dated August 25, 2010 and deny the petition without prejudice. *Id.* Toups's motion for sanctions is denied. Carolyn's motion for rehearing is dismissed as moot.

> FELIPE REYNA
> Justice

Before Justice Reyna,
  Justice Davis, and
  Judge Walton[1]
Petition denied
Opinion delivered and filed October 6, 2010
[OT06]

---

[1] The Honorable Ralph H. Walton, Jr., Judge of the 355th District Court of Hood County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).