IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00226-CV

 

In
re Toups Law Firm

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

By opinion and judgment dated August 25,
2010, this Court conditionally granted the mandamus petition filed by the Toups
Law Firm, advising Respondent, the Honorable John A. Hutchinson III, assigned
judge to the County Court at Law No. 1 of Brazos County, that a writ of
mandamus would issue if he failed to notify this Court in writing within
fourteen days that he had cancelled a lis pendens filed in connection
with the underlying suit.  Carolyn G. Vance has filed a motion for rehearing
and a motion to deny or dismiss the mandamus petition because a new judge has
been assigned to the underlying suit.

Shortly after filing the mandamus petition
in this proceeding, Toups (and its client William R. Vance, Jr.) filed a motion
to disqualify and recuse Judge Hutchinson.  Judge Hutchinson referred the
motion to the presiding judge for the administrative judicial region whom Toups
and Vance also challenged by motion to disqualify and recuse.  As a result of
these motions, the Presiding Judge of the Statutory Probate Courts assigned the
Honorable William T. McGee to preside over the underlying suit.  See Tex. Gov’t Code Ann. § 25.0022 (Vernon
Supp. 2010).

Toups has filed a response arguing that
the Supreme Court’s decision in In re Schmitz, 285 S.W.3d 451 (Tex. 2009)
(orig. proceeding), is “controlling adverse and dispositive precedent” on the
issue.  According to Toups, Schmitz stands for the proposition that
abatement is not proper when the named respondent is replaced by another
judge.  Toups also requests that we sanction Carolyn for her failure to call
our attention to this “controlling” authority.

Schmitz concerned a very unique procedural
circumstance in which the named respondent did not make the ruling which was
challenged by mandamus and then was succeeded by a different judge before the
Supreme Court decided the case.  In Bexar County where the case originated, the
district courts maintain a central docket system and pretrial motions like that
under consideration are generally heard by one of the county’s thirteen civil
district judges on a monthly rotating basis.  Id.
at 453.  Thus, the judge who ruled on the challenged motion was not the elected
judge for the district court in which the motion was filed, but she was still
in office at the time the Supreme Court ruled on the mandamus petition.  Id.

The Supreme Court explained, “The
question is whether to abate this case for reconsideration when the judge who
ceased to hold office never ruled on the motion, and the judge who did rule on
it is still in office.”  Id.  After defining the narrow issue
presented, the Court held “that abatement is not required in these
circumstances.”  Id. (emphasis added).

Here, Toups seeks mandamus relief
against Judge Hutchinson who denied the motion to cancel the lis pendens. 
Judge Hutchinson is no longer presiding in the underlying case.  This is
different from the procedural posture of Schmitz in which the judge who
made the challenged ruling was still in office.  Thus, Schmitz does not
apply.  And because Schmitz is not “controlling adverse and dispositive precedent,”
Toups’s motion for sanctions is denied.

“Mandamus will not issue against a new
judge for what a former one did.”  In re Baylor Med. Ctr. at Garland,
280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding).  Until Judge McGee has had
a reasonable opportunity to consider the summary-judgment motion in which Toups
requests dissolution of the lis pendens, it would be premature for us to
address the issues in this mandamus proceeding.  See In re Shellhorse,
No. 10-10-00111-CV, 2010 WL 2706115, at *1 (Tex. App.—Waco July 7, 2010, orig.
proceeding) (mem. op.).

Therefore, we withdraw the opinion and
judgment dated August 25, 2010 and deny the petition without prejudice.  Id.  Toups’s motion for sanctions is denied.  Carolyn’s motion
for rehearing is dismissed as moot.

 

FELIPE REYNA

Justice




Before Justice
Reyna, 

Justice
Davis, and

Judge
Walton[1]

Petition denied

Opinion
delivered and filed October 6, 2010

[OT06]









[1]
              The Honorable Ralph H. Walton, Jr., Judge of the 355th District Court of Hood
County, sitting by
assignment of the Chief Justice of the Supreme Court of Texas pursuant to
section 74.003(h) of the Government Code.  See Tex. Gov’t Code Ann. § 74.003(h) (Vernon 2005).