Opinion issued October 6,
2011

 

 

 

 

 

 

 




 
 
 
 
 
 
 




 

In The

Court of Appeals

For the

First District of Texas

____________

 

NO. 01-10-00817-CV

____________

 

IN RE JOHN-BAPTIST SEKUMADE AND ELLEN CAROL SEKUMADE,
Relators

 



 

Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

Relators John-Baptist and Ellen Sekumade filed a petition for writ of
mandamus complaining that (1) the trial court’s statement during a hearing that
relators waived their motion to transfer venue by filing a counterclaim
“stifled” and “dissuaded” relators from pursuing the motion; (2) the trial
court abused its discretion when it denied relators’ motion to transfer venue;
(3) the trial court abused its discretion when it ordered relators to pay $3,000
to real party in interest Build by Owner, LLC (“Build by Owner”) within thirty
days as a discovery sanction, and further ordered payment of $13,000 and
completion of forty hours of community service upon failure to timely pay the
original $3,000 sanction; (4) the trial court abused its discretion when it struck
relators’ pleadings after relators could not pay the $13,000 sanction; and (5) the
trial court abused its discretion when court staff “prevented” relators from filing
a motion to compel arbitration.[1]

We dismiss the petition for writ of mandamus.

Procedural Background

          On April 23, 2010, in response to
Build by Owner’s motion to compel discovery responses and motion to strike
Sekumade’s pleadings, the trial court entered an order requiring Sekumade to
pay Build by Owner’s counsel $3,000 within thirty days “for reasonable
attorney[’s] fees incurred in attempting to enforce a court order to obtain
discovery responses.”  The trial court
also ordered Sekumade to “fully comply” with the discovery rules and to answer
all interrogatories and requests for production within forty-five days.  The order provided that if Sekumade did not
comply the court would require Sekumade to pay an additional $10,000 to Build
by Owner as a sanction for discovery abuse and complete forty hours of
community service and that it would strike Sekumade’s pleadings.

          After Sekumade failed to pay Build by
Owner’s counsel within the allotted thirty days, Build by Owner moved the trial
court for enforcement of its April 23, 2010 order and for the imposition of
sanctions on Sekumade for his failure to comply.  At a hearing on September 2, 2010, the trial
court granted Build by Owner’s motion and ordered Sekumade to pay $13,000 to
Build by Owner’s counsel by 5:00 p.m. on September 10, 2010, and to complete
forty hours of community service.  The
trial court also struck Sekumade’s pleadings.

          Sekumade then filed this petition for
writ of mandamus.

After Sekumade filed this petition, he sued Judge Ellisor and his court
coordinator in the Southern District of Texas for civil rights violations
pursuant to 42 U.S.C. § 1983.  As a
result, the Administrative Judge of Galveston County assigned the Honorable
Hugo Touchy to hear the underlying lawsuit. 
We abated this mandamus proceeding pursuant to Texas Rule of Appellate
Procedure 7.2(b) to allow Judge Touchy the opportunity to reconsider Judge
Ellisor’s original rulings on Build by Owner’s motion to compel discovery
responses and motion to strike Sekumade’s pleadings and on Sekumade’s motion to
transfer venue.  See Tex. R. App. P.
7.2(b) (“If the case is an original proceeding under Rule 52, the court must
abate the proceeding to allow the successor to reconsider the original
[respondent’s] decision.”); In re Baylor
Med. Ctr. at Garland, 280 S.W.3d 227, 228 (Tex. 2008) (“Mandamus will not
issue against a new judge for what a former one
did. . . .  As a new judge now presides over the trial
court, [Texas Rule of Appellate Procedure] 7.2 requires abatement of this
original proceeding to allow the successor to reconsider the order.”); State v. Olsen, 360 S.W.2d 402, 403
(Tex. 1962) (per curiam) (“A writ of mandamus will not lie against a successor
judge in the absence of a refusal by him to grant the relief Relator
seeks.  If the successor judge refuses to
grant the relief sought, Relator may then amend its application for writ of
mandamus and the matter will be decided on the merits.”).

          After we abated the case, Judge Touchy
considered Sekumade’s motion to transfer venue and Build by Owner’s motion to
compel discovery responses and motion to strike Sekumade’s pleadings.  On April 11, 2011, Judge Touchy granted
Sekumade’s motion to transfer venue, ruling that venue was proper in Harris
County instead of Galveston County. 
Judge Touchy also granted Build by Owner’s motion to compel and awarded
Build by Owner’s counsel $4,000 in attorney’s fees and stated at the hearing
that this amount was to be included as part of the final judgment.  The April 11, 2011 order also provided that
Sekumade had twenty days from the date of the order to comply with all
outstanding discovery requests or the court would then strike his
pleadings.  Unlike Judge Ellisor’s
original rulings, Judge Touchy did not require Sekumade to complete community
service, Judge Touchy specified that the $4,000 in attorney’s fees to Build by
Owner as a discovery sanction was not payable until the final judgment, and the
order granted Sekumade additional time to comply with the outstanding discovery
requests before the court would strike his pleadings.

          Because Judge Touchy’s rulings vacated
Judge Ellisor’s original rulings, we conclude that Sekumade’s petition for writ
of mandamus is moot.[2]  See In
re Baylor Med. Ctr., 280 S.W.3d at 228 (“Two months later, Judge Thomas
vacated the new trial order and reinstated judgment on the jury verdict.  As required by our order, Baylor notified us
of the development and moved to dismiss its petition as moot.”).  We therefore dismiss the petition for writ of
mandamus as moot.




 

PER CURIAM

Panel consists of Justices Keyes,
Higley, and Massengale.











[1]        The Honorable John Ellisor, Judge of the 122nd
District Court of Galveston County, Texas, Respondent.  The underlying lawsuit is Build by Owner,
LLC v. John-Baptist Sekumade and Ellen Carol Sekumade, No. 09-CV-1019
(122nd Dist. Ct., Galveston County, Tex.).





[2]              Sekumade,
in his petition for writ of mandamus, complained that Judge Ellisor and his
court staff “prevented” him from filing a motion to compel arbitration.  According to Sekumade, before he filed his
motion he asked the court coordinator about when he could obtain a hearing date
on the motion, and she responded that a hearing date was not available “next
week or for that matter anytime in the near future.”  The coordinator also informed Sekumade that,
to obtain a hearing date, he had to file his motion with a blank notice of
hearing or submission.  Sekumade has not,
at any point during the proceedings, actually filed a motion to compel
arbitration.  At the hearing before Judge
Touchy, after we abated the case, the parties presented argument solely on
whether Judge Touchy should vacate Judge Ellisor’s venue and sanctions
rulings.  Sekumade never referenced a
motion to compel arbitration before Judge Touchy, and Sekumade does not
complain of Judge Touchy’s actions regarding a motion to compel arbitration.  Thus, this issue has not been adequately
presented for our consideration.