**Order filed January 4, 2019.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-01100-CV

_____

### IN RE GLADYS CRUZ, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-38675**

---

## ORDER

On December 28, 2018, relator Gladys Cruz filed a petition for writ of mandamus asking this court to compel the Honorable John Schmude, judge of the 247th District Court, Harris County, Texas to vacate his September 21, 2018 Temporary Orders in a Suit to Modify Parent-Child Relationship ("Temporary

Orders"), which granted real party-in interest Carlos Geovani Relej the right to designate primary residence of the minor child of relator and Mr. Relej.

Judge Schmude ceased to hold office on January 1, 2019. The Honorable Janice Berg is the successor judge of the 247th District Court.

Texas Rule of Appellate Procedure 7.2 provides if a mandamus proceeding is pending when the trial judge that is the subject of the proceeding ceases to hold office, the court of appeals must abate the mandamus proceeding to allow the successor judge to reconsider the original judge's decision. *See* Tex. R. App. P. 7.2(b). "A writ of mandamus will not issue against the new judge of a court for the action of a former judge. Rather Rule of Appellate procedure 7.2 requires abatement of a pending original proceeding so that the successor judge may consider the complained-of order of his or her predecessor." *In re Robertson*, No. 14-12-00561-CV, 2012 WL 2814341, at *1 (Tex. App.—Houston [14th Dist.] July 10, 2012, orig. proceeding) (per curiam) (mem. op.) (citing *In re Baylor Medical Center at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding)). We therefore **ABATE** this case until Judge Berg has reconsidered the Temporary Orders and relator has provided this court with a record showing the evidence presented to Judge Berg and her ruling on the Temporary Orders, or relator moves to dismiss her petition for writ of mandamus as moot.

Additionally, Texas Rule of Appellate Procedure 9.9 prohibits the filing of documents containing sensitive data, including a birth date, home address, and the name of any person who was a minor when the underlying suit was filed. *See* Tex. R. App. 9.9. Relator's petition and appendix disclose prohibited sensitive data. Accordingly, the petition and appendix are sticken. We **ORDER** relator to file a petition and appendix, with any sensitive data redacted, that complies with Texas

Rule of Appellate Procedure 9.9. All future filings by any party must comply with Texas Rule of Appellate Procedure 9.9 or are subject to being stricken.

PER CURIAM

Panel consists of Christopher, Hassan, and Poissant.