**Order filed September 15, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00213-CV

_____

## IN RE VENKATESH KUMAR BOGGARAPU

**Original Mandamus Proceeding**

## O R D E R

Relator, Venkatesh Kumar Boggarapu, has filed in this court a petition for writ of mandamus and a motion for temporary relief. The respondent listed in the petition for writ of mandamus is the Honorable Leah Robertson, the current judge of the 385th District Court of Midland County. However, the complained-of order was signed by the former judge of that court, Judge Robin Malone Darr. In order to allow Judge Robertson to reconsider the complained-of order signed by Judge Darr, we grant Relator's motion for temporary relief and abate this mandamus proceeding.

"Mandamus will not issue against a new judge for what a former one did." *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding); *accord State v. Olsen*, 360 S.W.2d 402, 403 (Tex. 1962). Rule 7.2 of

the Texas Rules of Appellate Procedure provides that, when a public officer is a party in an official capacity in "an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision." TEX. R. APP. P. 7.2(b). Because Judge Robertson has not ruled on the matter that is at issue in this mandamus proceeding, we cannot issue a mandamus against her. *See Baylor Med. Ctr.*, 280 S.W.3d at 228; *Olsen*, 360 S.W.2d at 403. Accordingly, we believe that an abatement is necessary to give Judge Robertson an opportunity to rule on the matter. *See* TEX. R. APP. P. 7.2(b); *Baylor Med. Ctr.*, 280 S.W.3d at 228, 232.

In conjunction with the petition for writ of mandamus, Relator filed a motion seeking temporary relief from Judge Darr's April 8, 2020 order. Relator asks this court to grant temporary relief from the complained-of order because the deadlines "are imminent" and because Relator would lose "any ability to challenge the disputed order" once Relator signs the authorizations related to his bank records— as required by Judge Darr's April 8, 2020 order. *See* TEX. R. APP. P. 52.10(a) (motion for temporary relief). The April 8 order requires Relator to sign such authorizations and return them to opposing counsel within five business days of receiving them. Pursuant to Rule 52.10(b) of the Texas Rules of Appellate Procedure, we grant Relator's motion for temporary relief and hereby stay compliance and enforcement of the portion of that order requiring Relator to sign and return the bank-related authorizations. The stay will remain in effect pending further order of this court or final disposition of the mandamus proceeding.

Accordingly, we grant Relator's motion for temporary relief and to abate the mandamus proceeding. We further order that (1) compliance and enforcement of the portion of Judge Darr's April 8, 2020 order that is at issue in this mandamus proceeding is stayed pending further order of this court or final disposition of the mandamus proceeding and (2) the mandamus proceeding is abated to give

2

Judge Robertson an opportunity to rule on the matter. This court directs Judge Robertson to reconsider the complained-of ruling made by Judge Darr in the April 8, 2020 order and to prepare and issue a written order ruling on the matter. The clerk of the trial court shall forward Judge Robertson's order to this court on or before September 30.

PER CURIAM

September 15, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.