**Opinion filed November 3, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00183-CV

_____

## IN RE ROBERT STEVEN CHILDRESS

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, Robert Steven Childress, filed this original petition for writ of mandamus requesting we find that Judge Shane Long, the county judge for Palo Pinto County, Texas, has neither set a hearing nor ruled upon Relator's motions regarding the removal of the executrix of his mother's estate. Relator further requests that we order Judge Long to set such motions for a hearing and to rule on the motions.

On October 25, 2022, the underlying proceedings were transferred to the 29th Judicial District Court. *See* TEX. EST. CODE ANN. § 32.003(a)(2) (West 2020) (a county court may transfer contested probate proceedings to a district court in counties with no statutory probate court). Consequently, the Respondent can no

longer provide the relief Relator seeks, and Relator's petition for a writ of mandamus is now moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings[.]"). In this regard, mandamus cannot be issued against a new judge for the alleged acts and omissions of a former judge. *See In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding). We, as does any court, lack jurisdiction to decide a moot controversy. *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022).

Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.

PER CURIAM

November 3, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.