**Abatement Order filed January 12, 2023.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-22-00930-CV**

**IN RE EIDAN KAZAZ, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-67474**

---

## ABATEMENT ORDER

On December 21, 2022, relator Eidan Kazaz filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Tristan Longino, presiding judge of the 245th District Court of Harris County, to vacate the trial court's "order of October 5, 2022, and to rehear the matter; to vacate all portions of the Order relating to the BIPP [Batterers Intervention and Prevention

Program]; or to vacate the condition that the BIPP be completed prior to consideration of unsupervised access."

Because Judge Longino ceased to hold the office of Judge of the 245th District Court, Harris County, Texas, we are required to abate this mandamus proceeding to permit the respondent's successor, the Honorable Angela M. Lancelin, to consider the decision regarding relator's request for relief. *See* Tex. R. App. P. 7.2(b); *see also In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding) ("Mandamus will not issue against a new judge for what a former one did.").

Therefore, we abate this proceeding, treat it as a closed case, and remove it from the court's active docket. This original proceeding is abated until **February 13, 2023** to permit Judge Lancelin to consider the order underlying relator's request for relief. On or before that date, Judge Lancelin shall advise this Court of the action taken on relator's request by filing a signed order reflecting her ruling concerning relator's request for relief with this court. This Court will then consider a motion to reinstate or dismiss the original proceeding, as appropriate.

If relator seeks reinstatement, relator is ordered to file an amended petition for writ of mandamus, appendix, and mandamus record in compliance with the Texas Rules of Appellate Procedure. Relator's petition fails to include the required Rule 52(j) certification. *See* Tex. R. App. P. 52.3(j). Additionally, relator's appendix and the reporter's record filed are not properly authenticated. *See* Tex. R. App. P. 52.3(k); 52.7(a)(2). Moreover, relator's petition, appendix to the petition, and reporter's record contain unredacted sensitive information of relator's minor children. *See* Tex. R. App. P. 9.9(a)(3). Parties are required to redact all

2

sensitive information in documents filed in this court unless the inclusion of the sensitive data is specifically required by a statute, court rule, or administrative regulation. Tex. R. App. P. 9.9(b). There is no statute, court rule, or administrative regulation requiring the inclusion of sensitive data. By this order, the Court gives relators notice that the petition will be dismissed unless relator, at the time he seeks reinstatement, files an amended petition to addresses the certification and record issues identified above.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.