**Case Reinstated; Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed March 14, 2023.**



In The

# Fourteenth Court of Appeals

———

## NO. 14-22-00930-CV

———

## IN RE EIDAN KAZAZ, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-67474**

---

## MEMORANDUM OPINION

On December 21, 2022, relator Eidan Kazaz filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Tristan Longino, presiding judge of the 245th District Court of Harris County, to vacate the trial court's "order of October 5, 2022, and to rehear the matter; to vacate all portions of the Order relating to the BIPP [Batterers Intervention and

Prevention Program]; or to vacate the condition that the BIPP be completed prior to consideration of unsupervised access."

After December 31, 2022, Judge Longino ceased to hold the office of Judge of the 245th District Court, Harris County, Texas. Thus, on January 12, 2023, this Court abated this mandamus proceeding to permit the respondent's successor, the Honorable Angela M. Lancelin, to consider the decision regarding relator's request for relief. *See* Tex. R. App. P. 7.2(b); *see also In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding) ("Mandamus will not issue against a new judge for what a former one did.").

On February 15, 2023, Judge Lancelin signed an Order Modifying Temporary Orders that provided as follows:

> On this day, the Court considered, pursuant to the Abatement Order dated January 12, 2023 from the Fourteenth Court of Appeals, No. 14-22-00930-CV, whether to grant Relator Eidan Kazaz's relief prayed for in Petition for Writ of Mandamus filed December 21, 2022.

> The Court **FINDS** that the record does not support the requirement of Relator to complete a BIPP or as a condition precedent to a hearing on Relator's unsupervised access.

> **IT IS THEREFORE ORDERED AND DECREED** that the Order for EIDAN KAZAZ to complete a BIPP is hereby dissolved and that completion of such BIPP shall not be a condition precedent to consideration of unsupervised access for EIDAN KAZAZ.

> **IT IS FURTHER ORDERED** that no other terms of the November 5, 2022 Temporary Order are modified at this time unless expressly stated herein.[1]

---

[1] There appears to be a scrivener's error in the last paragraph of Judge Lancelin's order modifying temporary orders wherein she refers back to the "November 5, 2022 Temporary Order." The

We reinstate this original proceeding.

Because Judge Lancelin has modified the temporary order as set forth above, the relief requested in relator's petition for writ of mandamus is now moot. Accordingly, we dismiss relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

---

mandamus record contains a temporary order signed on October 5, 2022 by Judge Longino. The mandamus record does not contain a temporary order signed November 5, 2022.