# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00124-CV

**William B. Gammon, Appellant**

**v.**

**Henry I. Hank Hodes and Diagnostic Experts of Austin, Inc., Appellees**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
### NO. C-1-CV-10-007188, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant William B. Gammon appeals from a trial court judgment that Gammon, an attorney, take nothing on his claim for unpaid attorney's fees against his former clients, appellees Henry I. "Hank" Hodes and Diagnostic Experts of Austin, Inc. (DEA), and that Gammon forfeit additional attorney's fees in the amount of $27,379.19. We will affirm the trial court's judgment.

## BACKGROUND

This is an appeal from a suit to enforce an "attorney fee contract and assignment of interest" (the "fee agreement") between Gammon and Hodes, as an owner and officer of DEA. Prior to this fee agreement, Gammon had represented DEA in a lawsuit against Denise Hodes, Hodes's former wife. According to Gammon, he had provided legal services to DEA that resulted in a judgment in DEA's favor against Denise Hodes. The judgment included a constructive trust on Denise Hodes's homestead in the amount of $103,000, and DEA eventually sought to satisfy the

constructive-trust portion of the judgment through foreclosure. On May 4, 2009, the night before the scheduled foreclosure sale, Gammon and Hodes executed the fee agreement that is the subject of this dispute. Under the fee agreement, Gammon would recover a 50% contingent fee on any future recovery made by DEA. The next day, DEA foreclosed on its constructive trust and purchased Hodes's former home, valued at more than $400,000, for $10,000 at the sheriff's sale. The property was subsequently transferred to Hodes.

Gammon later asserted that he held a 50% interest in the home as a result of the fee agreement. When DEA and Hodes refused to recognize Gammon's interest in the home, Gammon filed suit against Hodes and DEA alleging breach of contract and, alternatively, a right to recover the value of his legal services in quantum meruit. In response, Hodes and DEA asserted a variety of defenses, including unconscionability and accord and satisfaction, as well as counterclaims for malpractice and breach of fiduciary duty.

Following a trial, the jury returned a verdict finding, among other things, that on May 4, 2009, Gammon had entered the fee agreement with Hodes and DEA, but that this fee agreement was not fair or reasonable. In addition, the jury found that Gammon, as an attorney, had failed to comply with the fiduciary duties owed to his clients. With respect to Gammon's claim for quantum meruit, the jury found that Gammon had performed valuable services for Hodes and DEA, for which he had not been paid, in the amount of $30,000. Finally, the jury found that Gammon had accepted sums of money for satisfaction in full for services rendered prior to April 6, 2009.

The trial court rendered judgment in favor of Hodes and DEA based on the jury's verdict. In addition, based on its determination that the breaches of fiduciary duty "committed by

2

Gammon constitute clear and serious breaches of duty," the trial court concluded that the forfeiture of fees was warranted and that Gammon was not entitled to any equitable relief, including quantum meruit relief. The trial court rendered judgment that Gammon take nothing on his suit and that he forfeit fees in the sum of $27,379.19.

On appeal, Gammon raises eight issues challenging the trial court's jurisdiction, the trial court's exercise of its discretion in imposing a fee forfeiture, the sufficiency of the evidence, and the charge presented to the jury.

## ANALYSIS

*Jurisdiction*

As a preliminary matter, we consider Gammon's assertion that the trial court did not have jurisdiction to conduct the trial or render a judgment in this case. Gammon explains that the litigation was originally tried in Travis County Court at Law Number One, and a judgment was rendered in his favor. After the original trial court granted Hodes and DEA's motion for new trial, the case was tried to a second jury in Travis County Court at Law Number Two, and the trial court rendered the judgment that is the subject of this appeal. Gammon asserts that because the motion for new trial was granted in County Court at Law Number One, that court had exclusive jurisdiction to conduct the subsequent trial. We disagree.

The jurisdiction of the County Court at Law Number One and County Court at Law Number Two are coextensive, and under the Travis County Local Rules, the courts maintain a central docket for the consideration of preliminary and pretrial matters. Tex. Gov't Code §§ 25.003,

3

25.2292; Travis Cnty. Court at Law (Tex.) Loc. R. 2.3, 2.5. Gammon has not cited, nor have we found, any authority for the proposition that, as a matter of jurisdiction, the same trial court must conduct all proceedings related to a case once a motion for new trial is granted.[1] Gammon's jurisdictional challenge, his sixth issue on appeal, is overruled.

*Discretion in imposing fee forfeiture*

In two related issues on appeal, Gammon, in effect, asserts that the trial court abused its discretion in entering a judgment in favor of Hodes and DEA on their claim for fee forfeiture based on the jury's findings. In his first issue on appeal, Gammon points out that the jury found that Hodes suffered no damages and argues that, as a result, "the trial court should have rendered a take-nothing judgment against Hodes and DEA on the fiduciary duty claims." In his fourth issue on appeal, Gammon argues that fee forfeiture is inappropriate in this case because it would result in a windfall to Hodes and DEA and because Hodes and DEA never properly pleaded for fee forfeiture.

"Our legal system has long recognized the vital role of the fiduciary duties that attorneys owe their clients." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 154 (Tex. 2004). "A lawyer must conduct his or her business with inveterate honesty and loyalty, always keeping his

---

[1] In support of his argument, Gammon cites *In re Baylor Medical Center at Garland*, 280 S.W.3d 227 (Tex. 2008). In that case, the Texas Supreme Court considered when a trial court could "ungrant" a motion for new trial. *Id*. at 229. Although prior cases had held that an order granting a motion for new trial could only be "ungranted" within 75 days of its signing, the supreme court explained that "[w]hen a new trial is granted, the case stands on the trial court's docket the same as though no trial had been granted" and, as a result, a trial court could reconsider its ruling granting a motion for new trial at any time. *Id*. at 229, 231. The supreme court did not consider whether a case could be transferred to a different trial court upon granting a motion for new trial, the issue before this Court. Accordingly, we do not consider *In re Baylor Medical Center* instructive on this issue.

4

client's best interest in mind." *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 561 (Tex. 2006) (citing *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 867 (Tex. 2000)). As a fiduciary, a lawyer has an affirmative duty to make a full and accurate confession of all his fiduciary activities, transactions, profits, and mistakes. *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 22 (Tex. App.—Tyler 2000, pet. denied).

When a client proves a breach of fiduciary duty by the attorney, the attorney may be required to forfeit some or all of his fees. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Dev. & Research Corp.*, 299 S.W.3d 106, 121 (Tex. 2009); *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999) ("[A] person who renders service to another in a relationship of trust may be denied compensation for his service if he breaches that trust."). Once any necessary factual disputes relevant to the issue have been resolved by the trier of fact, the trial court must determine whether the attorney's conduct was a clear and serious breach of duty to his client, whether any of the attorney's compensation should be forfeited, and if so, the amount of forfeiture. *Miller v. Kennedy & Minshew, P.C.*, 142 S.W.3d 325, 338 (Tex. App.—Fort Worth 2003, pet. denied).

We review a trial court's fee-forfeiture determination under an abuse-of-discretion standard. *Burrow*, 997 S.W.2d at 245. A trial court does not abuse its discretion unless it acts without reference to any guiding rules or principles or its decision is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Legal and factual sufficiency are relevant factors to be considered in assessing whether the trial court abused its discretion. *Miller*, 142 S.W.3d at 339. An abuse of discretion does not occur when the trial court bases its decision on conflicting evidence, as long as some evidence reasonably supports the trial court's decision. *Id*.

5

We first consider Gammon's argument that the trial court abused its discretion in imposing a fee forfeiture because Hodes and DEA failed to plead for fee forfeiture. *Cf. Lee v. Lee*, 47 S.W.3d 767, 780 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (concluding that party must plead fee forfeiture to be entitled to remedy of forfeiture). The record shows that Hodes and DEA pleaded that Gammon had breached his fiduciary duty and that "Gammon should be forced to disgorge all attorney's fees paid by [Hodes and DEA] in 2008-09." We conclude that Hodes and DEA's pleadings were sufficient to bring their request for a fee forfeiture to the attention of the trial court and the parties.

Next, we consider Gammon's assertion that Hodes and DEA suffered no damages and that, as a result, they did not prevail on their breach-of-fiduciary claim. Ordinarily, to prevail on a breach-of-fiduciary claim, a plaintiff must prove (1) the existence of the fiduciary relationship and (2) a breach of that duty by the attorney defendant (3) that causes (4) damages to the plaintiff. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex. App.—Austin 2009, no pet.). However, fee forfeiture is an equitable remedy, the central purpose of which is not to compensate the client, but "to protect relationships of trust from an agent's disloyalty or other misconduct." *Burrow*, 997 S.W.2d at 246; *see also ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 873 (Tex. 2010). Accordingly, the Texas Supreme Court has held that a trial court may impose fee forfeiture based on a claim of breach of fiduciary duty regardless of whether the client proves that he sustained actual damages as a result of the breach. *Burrow*, 997 S.W.2d at 240.

Here, the jury found that Gammon had breached his fiduciary duty to Hodes and DEA, and upon determining that Gammon's conduct constituted "clear and serious breaches of

6

duty," the trial court imposed the equitable remedy of fee forfeiture. *See id*. at 246. The jury's finding of breach of fiduciary duty, assuming it was based on sufficient evidence at trial, supports the trial court's decision to impose a fee forfeiture, including the court's decision to forfeit Gammon's recovery of fees in quantum meruit, despite a lack of actual damages. *See id*. at 240. In short, we reject Gammon's argument that the trial court abused its discretion in imposing a fee forfeiture because "Hodes did not prevail in the lawsuit."

Finally, we disagree with Gammon's assertion that the imposition of the remedy of fee forfeiture is inappropriate in this case because it would result in a windfall to DEA and Hodes because, according to Gammon, they did not pay any attorney's fees. As we will discuss further below, evidence was presented at trial showing that Gammon retained more than $80,000 in funds belonging to Hodes and DEA based on his contention that the funds were due to him as payment for attorney's fees. We overrule Gammon's first and fourth issues on appeal.

*Sufficiency of the evidence*

Having concluded that the jury's finding of breach of fiduciary duty, if supported by the record, is sufficient to support the imposition of fee forfeiture, we next examine whether the evidence is sufficient to support the judgment. In his third issue on appeal, Gammon argues that the evidence is factually and legally insufficient to support the jury's findings that the fee agreement was unfair and unreasonable, i.e. unconscionable, or that Gammon breached his fiduciary duties to Hodes.

When reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not.

7

*City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). When an appellant challenges the legal sufficiency of the evidence supporting an adverse finding of fact for which the opposing party had the burden of proof, the appellant must demonstrate that there is no evidence, or merely a scintilla of evidence, to support the adverse finding. *Id*. at 827. The evidence is legally sufficient if it would enable reasonable and fair-minded jurors to reach the verdict under review. *Id*. By contrast, when an appellant attacks the legal sufficiency of an adverse finding on an issue for which he has the burden on proof, he must demonstrate that the evidence establishes the issue as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). The factfinder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986).

In a factual-sufficiency review, we must examine the evidence that both supports and contradicts the jury's verdict in a neutral light. *See Dow Chem. Co.*, 46 S.W.3d at 242. We consider and weigh all the evidence, and can set aside the verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that the verdict is clearly wrong and manifestly unjust. *Id*.; *City of Austin v. Chandler*, 428 S.W.3d 398, 407-08 (Tex. App.—Austin 2014, no pet.).

To prevail on their breach-of-fiduciary claim and obtain fee forfeiture, DEA and Hodes were required to prove the existence of a fiduciary relationship and a breach of that duty by Gammon. *See Law Offices of Edwin J. (Ted) Terry, Jr.*, 284 S.W.3d at 429. The fiduciary relationship between an attorney and his client exists as a matter of law. *Goffney v. Rabson*, 56 S.W.3d 186, 193 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Among other things, a breach-of-fiduciary-

8

duty claim against an attorney arises from an attorney's failing to disclose conflicts, placing personal interests over the client's interests, taking advantage of the client's trust, failing to deliver funds belonging to the client, and engaging in self-dealing. *Id.* "The 'fail-safe' mechanism of the fiduciary relationship is the duty of full disclosure." *Jackson Law Office*, 37 S.W.3d at 22.

Because a lawyer's fiduciary duty to a client covers contract negotiations between them, such contracts are closely scrutinized. *Anglo-Dutch Petrol. Int'l, Inc. v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 450 (Tex. 2011); *Keck, Mahin & Cate v. National Union Fire Ins. Co. of Pittsburgh*, 20 S.W.3d 692, 699 (Tex. 2000) ("Contracts between attorneys and their clients negotiated during the existence of the attorney-client relationship are closely scrutinized."). When an attorney enters into a contract with his or her client for compensation during an already existing attorney-client relationship, "there is a presumption of unfairness or invalidity attaching to the contract, and the burden of showing its fairness and reasonableness is on the attorney." *Archer v. Griffith*, 390 S.W.2d 735, 739 (Tex. 1964). Further, when self-dealing by the fiduciary is alleged, as it was in this case, a presumption of unfairness automatically arises, and the burden is placed on the fiduciary to prove that the questioned transaction (1) was made in good faith, (2) for fair consideration, and (3) after full disclosure of all material information to the principal. *Jackson Law Office*, 37 S.W.3d at 22 (citing *Stephens Cnty. Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261 (Tex. 1974)); *see Houston v. Ludwick*, No. 14-09-00600-CV, 2010 WL 4132215, at *7 (Tex. App.—Houston [14th Dist.] Oct. 21, 2010, pet. denied) (mem. op.).

At trial, Gammon presented extensive evidence of the history of his representation of Hodes and DEA for many years prior to the present fee dispute. The jury heard evidence establishing that Gammon obtained many key legal victories for Hodes and DEA, some for which

the jury could have inferred that Hodes and DEA were less than appropriately appreciative, based on Hodes's testimony. Gammon also presented evidence that Hodes and DEA were often not current in paying Gammon for the legal work he performed and that Gammon and Hodes had a very informal attorney-client relationship when it came to the payment of legal fees and the services Gammon rendered to Hodes and DEA. It was this lack of formality and attention to detail in billings and in his engagement where fees were concerned, however, that ultimately proved to be Gammon's undoing at trial.

For example, the jury was presented with evidence that Gammon, on two separate occasions and without permission, had endorsed checks (totaling approximately $160,000) that were intended for Hodes. Gammon then deposited the funds in his trust account and remitted half the funds to Hodes and retained the other half for himself, allegedly for the payment of fees. The jury also heard evidence, including Gammon's own testimony, that Gammon had failed to keep contemporaneous records of his legal services and had never provided any billing statements to DEA or Hodes to fully account for the amounts retained and the amounts distributed to his clients.

Gammon, on the other hand, testified that he had permission from Hodes to deposit the checks and that he retained half the deposited funds because he and DEA were then operating under an oral contingency-fee agreement. This agreement, however, was never reduced to writing. *See* Tex. Gov't Code § 82.065(a) ("A contingent fee contract for legal services must be in writing and signed by the attorney and client."). In addition, the evidence before the jury included a letter from Gammon to Hodes's accountant, dated April 6, 2009, in which Gammon states that when he deposited Hodes's second check in his trust account, it "applied to extinguish the remaining balance

10

owed to this office by [DEA] for legal fees incurred in the prosecution of its numerous causes of action against Denise Hodes." In other words, according to Gammon's own April 6 letter, Gammon kept half the funds from deposited checks in payment for services previously rendered, not to satisfy an oral contingency-fee agreement.

Further, the jury heard Hodes's testimony concerning the execution of the May 4, 2009 fee agreement. Hodes explained that Gammon had shown up at his house the night before the foreclosure auction, set for May 5. After the men had a couple of beers, Gammon presented Hodes with the fee agreement, calling for 50% of any future recovery. According to Hodes, Gammon did not discuss the legal effect of the agreement and, although disputed by Gammon, told Hodes that he needed to sign the fee arrangement in order to participate in the auction the next day.

Finally, Hodes and DEA's expert witness, William Allensworth, testified that the contingency-fee agreement, entered into the night before the auction, was problematic for several reasons, not the least of which was that the agreement guaranteed Gammon a recovery of 50% of the $103,000 constructive trust that his clients had on the property, even if another party purchased the home at auction, with little or no additional work required by Gammon. The jury was also presented with evidence concerning the amount of work that Gammon performed after April 6, 2009, in connection with the foreclosure and with evidence that the home—which Gammon now claims a 50% interest in—was valued at more than $400,000.

Based on this evidence, the jury could have reasonably concluded that Gammon failed to make full disclosure, made misrepresentations, and engaged in self-dealing. Similarly, because there was evidence that several of the breaches occurred in the formation of the fee agreement, the

11

jury could have reasonably concluded that the fee agreement was unfair and unreasonable, and Gammon has failed to establish the agreement was fair and reasonable as a matter of law. Further, we cannot conclude from the evidence before us that the verdict is clearly wrong and unjust. Consequently, the evidence is legally and factually sufficient to support the jury's determination that Gammon breached his fiduciary duty and to support the trial court's determination that Gammon's conduct constituted "clear and serious breaches of duty."[2] We overrule Gammon's third issue on appeal.

*Findings of fact and conclusions of law*

Next we consider Gammon's complaint that the trial court committed reversible error by failing to issue findings of fact and conclusions of law as timely requested. In his second issue on appeal, Gammon argues that he timely filed a request for findings of fact and conclusions of law pursuant to Rule 296 of the Texas Rules of Civil Procedure and that, despite his subsequent notice of past-due findings, the trial court failed to file any findings of fact and conclusions of law. According to Gammon, he has suffered harm on appeal as a result of the trial court's refusal to issue findings of fact and conclusions of law because "he has been forced to attack all the possible grounds supporting the judgment instead of the grounds actually found by the court."

---

[2] Hodes and DEA assert that Gammon has waived any argument that the findings and judgment are against the great weight and preponderance of the evidence because Gammon has not provided any citations to the record, as required by Rule 38.1 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.1 (briefing requirements). While we agree that Gammon's failure to cite to the record with respect to the strength of the evidence might support a determination that these issues have been waived, *see City of Arlington v. State Farm Lloyds*, 145 S.W.3d 165, 167 (Tex. 2004), we have instead assumed without deciding that Gammon's arguments are properly before us and have independently determined whether the facts stated in Gammon's brief are supported by the record, to the extent we can, and concluded that Gammon's sufficiency challenges fail.

12

In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. Tex. R. Civ. P. 296. When a proper request is made under Rule 296, the trial court is obligated to make findings of fact and conclusions of law. *See id*. R. 297. In this case, Gammon acknowledges that, generally, findings of fact and conclusions of law are not required following a jury trial, even when requested. Nevertheless, Gammon argues that he was entitled to findings of fact and conclusions of law on the court-decided issue of fee forfeiture, including the court's determination that "the breaches of fiduciary duty committed by Gammon constitute clear and serious breaches of duty." We conclude that while the trial court could have provided findings of fact and conclusions of law related to its decision to impose a fee forfeiture, it was under no obligation to do so.

A party is not entitled to findings of fact and conclusions of law in every case. For instance, findings of fact and conclusions of law are not appropriate when a judgment is rendered as a matter of law because they serve no purpose and should not be requested, made, or considered on appeal. *IKB Indus. (Nigeria), Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). In other situations, findings and conclusions are proper and may be helpful on appeal, but a party is not entitled to them because (1) they are often unnecessary, (2) requiring them in every case would unduly burden the trial court, and (3) appellate courts are not obliged to give them the same level of deference. *Id*. This is the case when, as here, the applicable standard of review is an abuse of discretion. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992) (concluding that although trial court is required to make specific findings when imposing death-penalty sanctions, findings of fact and conclusions of law under Rule 296 are not required); *see also Davis v.*

13

*Spring Branch Med. Ctr.*, 171 S.W.3d 400, 413 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (concluding trial court did not err in denying request for findings of fact and conclusions of law under Rule 296 because standard of review was abuse of discretion); *Samuelson v. United Healthcare of Tex., Inc.*, 79 S.W.3d 706, 710 (Tex. App.—Ft. Worth 2002, no pet.) (noting that when abuse-of-discretion review applied to trial court's ruling, findings of fact and conclusions of law are helpful, but not required); *Keever v. Finlan*, 988 S.W.2d 300, 306-07 (Tex. App.—Dallas 1999, pet. dism'd) (same); *Crouch v. Tenneco, Inc.*, 853 S.W.2d 643, 649 (Tex. App.—Waco 1993, writ denied) (same).

In a fee forfeiture case, once any relevant, disputed facts are resolved by the jury, the trial court exercises its discretion to determine, as a matter of equity, whether fee forfeiture should be imposed. *Burrow*, 997 S.W.2d at 246. In doing so, the trial court must determine whether the breach of fiduciary duty found by the jury is "clear and serious," and to what extent fee forfeiture is warranted under the circumstances. *Miller*, 142 S.W.3d at 338. Factors the trial court is to consider in making these legal determinations include "the adequacy of other remedies, the weight to be given all other relevant issues, and, most importantly, whether forfeiture is necessary to satisfy the public's interest in protecting the integrity of the attorney-client relationship." *Id.* at 338-39, 340 n.33 (noting that matters committed to court's discretion in fee-forfeiture determination are legal conclusions).

Given the discretion that is afforded to the trial court in deciding whether the remedy of fee forfeiture is warranted, we conclude that although the trial court could have provided findings of fact and conclusions of law demonstrating how it weighed the evidence and the relevant factors, it was not required to do so under Rules 296 and 297. *See id.* at 340 n.33 (explaining that fact findings made by trial court in fee-forfeiture determination were helpful but not binding). We overrule Gammon's second issue on appeal.

14

*Jury charge*

In his fifth issue, Gammon argues that the trial court abused its discretion in overruling his objections to the jury charge. The decision of whether to submit a particular instruction or definition is to be reviewed for an abuse of discretion with the essential question being "whether the request was reasonably necessary to enable the jury to render a proper verdict." *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006). Further, the omission of an instruction is reversible error only if the omission probably caused the rendition of an improper judgment. *Id*.; *see* Tex. R. App. P. 61.1(a). To determine whether a jury charge error was reasonably calculated to and did probably cause the rendition of an improper judgment, we must consider the entire record. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001).

Gammon complains that the trial court abused its discretion in overruling his objection to question number 3. This question asked the jury to determine whether the fee agreement between Gammon and Hodes and DEA was "fair and reasonable." At the charge conference, Gammon objected to question 3 on the grounds that it failed to include the relevant factors for determining "reasonableness" found in Rule 1.04(b) of the Texas Disciplinary Rules of Professional Conduct.[3] The trial court overruled the objection, and upon consideration of the issue, the jury found that the fee agreement was not fair and reasonable to Hodes and DEA.

---

[3] Rule 1.04(b) sets out a non-exhaustive list of factors that are to be considered in determining the reasonableness of a fee agreement, including the time, labor and skill required to properly perform the service; the nature and length of the professional relationship with the client; and the experience, reputation and ability of the lawyer performing the services. *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.04(b), reprinted in Tex. Gov't Code, tit. 2, subtit. G. app. A (2005).

Similarly, Gammon complains that the trial court abused its discretion in overruling his objection to question number 10. In question 10, the jury was asked to determine whether Gammon breached his fiduciary duty to Hodes and DEA. At the charge conference, Gammon objected to the trial court's failure to submit an instruction regarding unconscionability under rule 1.04(a) and the factors regarding reasonableness of a fee under rule 1.04(b).[4] The trial court denied the objection. Upon considering question number 10, the jury determined that Gammon had breached his fiduciary duty.

Because the fee agreement that Gammon sought to enforce was negotiated during the existence of their attorney-client relationship, question 3 asked the jury to determine whether the agreement was fair and reasonable, i.e. conscionable. *Archer*, 390 S.W.2d at 735. Additionally, because Hodes alleged that Gammon engaged in self-dealing in connection with the fee agreement, Gammon was required to prove that the fee agreement was fair, made in good faith, and after full disclosure. *See Jackson Law Office,* 37 S.W.3d at 22. Not only did Gammon fail to secure any of these findings, the jury concluded in question 10 that Gammon had breached his fiduciary duty to Hodes and DEA. *See Shupe*, 192 S.W.3d at 579 (generally, error in submission of instruction is harmless when findings of jury in answer to other issues are sufficient to support judgment).

Upon review of the entire record, including the jury's finding that Gammon breached his fiduciary duty, we conclude that the jury could have reasonably determined that the fee agreement

_____

[4] On appeal, Gammon also complains about question 3 and question 10 of the jury charge in several other respects. However, the only issue brought to the attention of the trial court prior to the submission of the charge to the jury was the failure of the court to include an instruction regarding Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct. *See* Tex. R. Civ. P. 272 (parties or their attorneys must object to charge "before the charge is read to the jury").

16

was unfair because it was a result of self-dealing and a failure to disclose by Gammon. Conversely, we cannot conclude that the failure by the trial court to submit an instruction on the reasonableness of the attorney's fees claimed by Gammon probably resulted in an improper judgment. Even if the trial court erred in failing to instruct the jury on the "reasonableness" of the claimed attorney's fees, the error was harmless.

Finally, Gammon also argues that the trial court erred in overruling his objection to question 8. Question 8 asked the jury to determine whether Gammon accepted sums previously paid in full satisfaction for legal services rendered prior to April 6, 2009. At the charge conference, Gammon objected to the inclusion of this question and argued that the question of accord and satisfaction should not be submitted to the jury because there was no evidence to support the defense. The jury answered "yes" in response to question 8.

"Accord and satisfaction" is a defense to a contract claim and arises when the parties enter into and carry out a new contract, express or implied, that discharges all obligations under an existing contract. The accord is the new agreement whereby one party agrees to give or perform and the other party agrees to accept something different than what was originally agreed. *City of Houston v. First City*, 827 S.W.2d 462, 472 (Tex. App.—Houston [1st Dist.] 1992, writ denied). The trial court must submit requested questions to the jury if the pleadings and any evidence support them. *See* Tex. R. Civ. P. 278. Here, Gammon argues that although the parties reached a subsequent agreement regarding past payments due, i.e. an accord, there was no evidence that the new agreement was satisfied and therefore, the issue should not have been submitted to the jury. Assuming without deciding that Gammon is correct, we conclude that any error committed by the trial court in submitting DEA and Hodes's accord-and-satisfaction defense to the jury is harmless.

17

Here, the jury did not find in favor of Gammon on his claim for breach of contract, having determined that the agreement to pay Gammon 50% on any future recovery was unfair and unreasonable. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 752 (Tex. 1995). Thus, to the extent DEA and Hodes's accord-and-satisfaction defense was submitted as a defense to Gammon's breach of contract claim, the jury's finding that Gammon had accepted an accord and satisfaction had no effect on this claim. In addition, to the extent the accord-and-satisfaction defense was raised by DEA and Hodes in response to Gammon's equitable claim for quantum meruit, we also conclude that the submission of the defense had no effect on this claim. The jury determined that Gammon's reasonable fee for legal services performed *after* April 6, 2009, for which he had not been paid, totaled $30,000. Consequently, the jury's determination that the parties reached an accord and satisfaction for services rendered *prior to* April 6, 2009, had no effect on Gammon's quantum-meruit claim for $30,000. In addition, as already discussed, the jury's finding that Gammon breached his fiduciary duty and the trial court's decision to impose a fee forfeiture supports the judgment in favor of DEA and Hodes on Gammon's equitable claim for quantum meruit. As a result, we cannot conclude that any error in the trial court's submission of this issue probably caused the rendition of an improper judgment.

Having concluded that any error in the charge as alleged by Gammon was harmless, we overrule appellant's fifth issue on appeal.

*Motion for new trial*

In his eighth and final issue, Gammon asserts in a single sentence that "[f]or the reasons stated above and set forth in Gammon's Motion for New Trial, failure to grant the motion

18

was error." To the extent the issues presented in his motion for new trial overlap with the issues he has specifically raised in his brief, we have already addressed these issues. To the extent Gammon is attempting to raise additional issues, we conclude that these unspecified issues have been waived as inadequately briefed. Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record). We overrule appellant's eighth issue on appeal.

## CONCLUSION

Having overruled all of Gammon's issues on appeal, we affirm the judgment of the trial court.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: April 24, 2015