**In re BAYLOR MEDICAL CENTER AT GARLAND, Relator.**

No. 06–0491.

Supreme Court of Texas.

Argued Sept. 27, 2007.

Decided July 3, 2009.

R. Brent Cooper, Michelle E. Robberson, John A. Scully and Derek S. Davis, for Relator.

Justice JOHNSON delivered the opinion of the Court, in which Justice HECHT, Justice WAINWRIGHT, Justice BRISTER, and Justice WILLETT joined.

In this health care liability case, the jury returned a defense verdict following almost four weeks of trial. The trial judge granted a new trial, eventually stated his reasons for doing so, but then resigned. We conclude that the reasons the judge gave for granting the new trial cannot be considered as a basis for mandamus

relief against successor trial judges. However, because the case was remanded pursuant to Texas Rule of Appellate Procedure 7.2(b) and the trial court reaffirmed the original new trial order without giving reasons for doing so, we conditionally grant mandamus relief directing the trial court to provide its reasons for refusing to enter judgment on the jury verdict.

Alleging that she suffered an injury as a result of negligent treatment, Tammy Williams and her husband, Steve, (collectively, Williams) brought a health care liability suit against Baylor Medical Center. The jury answered "No" to the first issue that combined the negligence and proximate cause inquiries. The sitting trial judge, the Honorable Joseph P. Cox, entered a take-nothing judgment. Williams filed a motion for new trial and, in support of the motion, juror affidavits that included information relating to jury deliberations.

Judge Cox granted the motion for new trial but gave no reason for doing so. At a later pretrial hearing, the judge said he granted the new trial solely because of the juror affidavits. After hearing the reason the new trial was granted, Baylor sought a writ of mandamus from the court of appeals directing the trial court to vacate its order granting a new trial. The court of appeals denied relief. 280 S.W.3d 227. We set Baylor's petition for oral argument.

In the meantime, Judge Cox resigned and was succeeded by Judge Nancy Thomas. Pursuant to the Texas Rules of Appellate Procedure, we abated the case for Judge Thomas to consider the new trial order. *See* Tex.R.App. P. 7.2(b). Judge Thomas set the new trial order aside but later vacated her ruling and reinstated the order.

Following Judge Thomas's ruling, Baylor continued its quest for mandamus relief.[1] After we heard oral argument on Baylor's petition, a new judge was elected and succeeded Judge Thomas. We again abated the case pursuant to Rule 7.2(b). We also held that a trial court may reconsider a new trial order as long as the case is still pending. *In re Baylor Med. Ctr. at Garland,* 280 S.W.3d 227, 232 (Tex.2008) (overruling *Porter v. Vick,* 888 S.W.2d 789 (Tex.1994)). On March 13, 2009, the trial court affirmed Judge Cox's order granting a new trial without stating any reasons for doing so.

■ Baylor continues to assert that the order disregarding the jury verdict and granting a new trial on the basis of juror affidavits was a clear abuse of discretion. However, we do not consider the reasons Judge Cox gave for granting the new trial in determining whether a successor judge abused his or her discretion in refusing to enter judgment on the verdict. *See id.* at 227 ("Mandamus will not issue against a new judge for what a former one did."); *see also* Tex.R.App. P. 7.2(b). And absent specific reasons for the March 13, 2009 ruling, we cannot determine whether the affirmation of the original new trial order was an abuse of discretion. *In re Columbia Med. Ctr. of Las Colinas,* 290 S.W.3d 204, 2009 WL 1900509 (Tex.2009). Ac-

---

1. Williams urges that Baylor's petition is defective because Baylor failed to submit a copy of the motion to reconsider the original order and a transcript of the hearing before Judge Thomas in violation of the Texas Rules of Appellate Procedure. *See* Tex R.App. P. 52.7(a) (requiring relators to file a copy of every document that is material to their claims and a transcript of any relevant testimony from any underlying proceeding). Both parties' briefs contain the transcript of the hearing, and the parties do not differ on the substance of the motion or what occurred during the hearing. We consider the record properly before us. *See* Tex R.App. P. 52.7(b) ("After the record is filed, relator or any other party to the proceeding may file additional materials for inclusion in the record.").

cordingly, we deny without prejudice Baylor's request for mandamus directing the trial court to set aside the new trial order. *See id.*

■ Nevertheless, based on *In re Columbia,* decided after the trial court entered its March 13, 2009 order, the trial court abused its discretion by refusing to enter judgment on the jury verdict and granting a new trial without specifying its reasons for doing so. *Id.* Accordingly, we conditionally grant relief and direct the trial court to specify the reasons that it refused to enter judgment on the jury verdict and affirmed the granting of a new trial. *See id.* The order will issue only if the trial court fails to comply.

Justice O'NEILL filed a dissenting opinion, in which Chief Justice JEFFERSON, Justice MEDINA, and Justice GREEN joined.

Justice O'NEILL, joined by Chief Justice JEFFERSON, Justice MEDINA, and Justice GREEN, dissenting.

For the reasons expressed today in my dissenting opinion in *In re Columbia Medical Center of Las Colinas,* Cause No. 06–0416, 290 S.W.3d 204, I respectfully dissent.