**In re Jeffrey COOK, Relator.**

**No. 10–0855.**

Supreme Court of Texas.

Dec. 16, 2011.

107. 802 S.W.2d at 241.

108. *See Coate,* 662 P.2d at 597.

109. *Armadillo Bail Bonds,* 802 S.W.2d at 241.

Mary D. McKnight, Stephen Clay Strickler, Law Offices of Mary D. McKnight, P.C., Dallas, TX, for Relator.

Laurence A. DePlaza, Sheila A. O'Connor, DePlaza & O'Connor, Plano, TX, Thomas M. Michel, Robley E. Sicard, Griffith, Jay & Michel, LLP, Fort Worth, TX, for Real Party in Interest.

PER CURIAM.

The relator asks us to decide whether a trial court abused its discretion when it issued an order granting a motion for new trial "based on all grounds in the motion." While this case was pending, however, the judge who signed the order resigned, and we remanded the case pursuant to Texas Rule of Appellate Procedure 7.2(b). The successor trial judge then entered an order stating only that his predecessor's ruling "should remain unchanged." We recently held that a successor trial court's order reaffirming the original trial court's grant of a motion for new trial was "effectively an order refusing to enter judgment on the jury verdict and affects the rights of the parties no less than did the orders of the original judge," and we concluded that the relator in that case was "entitled to know those reasons just as much as it would be entitled to know the reasons for the orders entered by the former trial judge." *In re Columbia Med. Ctr. of Las Colinas,* 290 S.W.3d 204, 214 (Tex.2009). Accordingly, we conditionally granted mandamus relief, directing the successor trial court to specify the reasons it refused to enter judgment on the jury verdict and ordered a new trial. *Id.* at 215. Because the successor trial court judge in this case did not state sufficient reasons for his ruling, contrary to our holding in *In re Columbia,* we conditionally grant relief.

This a divorce action between Barbara and Jeffrey Cook. Barbara sought to enforce an in-court agreement as a contract. The case proceeded to trial to determine whether Jeffrey lacked mental capacity to enter the agreement. After the jury returned a verdict in Jeffrey's favor, Barbara moved for a new trial, alleging: (1) factually insufficient evidence, (2) jury misconduct, (3) improper admission of evidence, (4) jury charge error, (5) improper testimony from witnesses that were not disclosed in discovery, and (6) a new trial was required "in the interest of justice."

The trial court granted Barbara's motion without stating the reasons for doing so. Jeffrey sought mandamus relief from the court of appeals, arguing that the trial court abused its discretion in granting the motion for new trial without clearly articulating reasons. While the mandamus petition was pending, the trial court signed an amended order granting a new trial "based on all grounds in the motion." Shortly thereafter, the trial judge resigned, and a successor judge was appointed.

The court of appeals denied Jeffrey's petition. 2010 WL 2331431, at *1. The court of appeals also denied Jeffrey's motion for rehearing, which sought to abate the case until the successor judge had an opportunity to reconsider the order. *See* Tex.R.App. P. 7.2(b). Jeffrey then petitioned this Court for a writ of mandamus and asked us to abate the mandamus proceeding and allow the successor judge to reconsider the order granting the motion for a new trial. We abated the case. *See id.*

The trial court issued an order stating that "[t]he Court, having reviewed the record before it, is of the opinion that the orders signed by [the original trial court judge] should remain unchanged." The order specified no reasons for its ruling. On January 7, 2011, we lifted the abatement order and reinstated the original proceeding.

We recently held that a trial court's failure to clearly state the reasons for setting aside a jury verdict and for granting a new trial constitutes an abuse of discretion for which there is no adequate remedy by appeal. *In re Columbia*, 290 S.W.3d at 209–10, 212–13. In that case, the successor trial court judge failed to state specific grounds for reaffirming the grant of a new trial. *See id.* at 206 (noting that successor trial court's order merely stated that it "reaffirmed" original trial court's order).

In *In re Baylor Medical Center at Garland*, the relator challenged the grounds the original trial court judge relied upon in granting a new trial, even after two successor trial court judges had considered the order and reaffirmed the original new trial order without giving independent reasons for doing so. 289 S.W.3d 859, 860 (Tex.2009) *(Baylor II)*. Relying on our holding in *Baylor I* that "[m]andamus will not issue against a new judge for what a former one did," *In re Baylor Med. Ctr. at*

*Garland*, 280 S.W.3d 227, 228 (Tex.2008) *(Baylor I)*, we refused to consider the reasons the first trial court judge gave in his new trial order. *Baylor II*, 289 S.W.3d at 860. In accordance with *Columbia*, we conditionally granted mandamus relief directing the trial court to explain why it affirmed the order granting a new trial. *Id.* at 861.

Jeffrey asserts that the original trial court's order disregarding the jury verdict and granting a new trial "based on all grounds in the motion" was not sufficiently specific under *Columbia*. As in *Columbia* and *Baylor II*, however, the former trial court's order is no longer at issue here, as the successor trial judge has since issued a subsequent order. Accordingly, we do not decide whether the former trial court's grant of a new trial "based on all grounds in the motion" constitutes an abuse of discretion. *See Baylor II*, 289 S.W.3d at 860. Instead, we focus on whether the most recent order by the successor judge satisfies *Columbia*. *See State v. Olsen*, 163 Tex. 449, 360 S.W.2d 402, 403 (1962) ("A writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks."). We conclude that it does not.

Reaffirming the former trial court's order was tantamount to granting the motion for new trial. Consequently, the successor trial court must provide its own statement of the reasons for setting aside a jury verdict. *See In re Columbia*, 290 S.W.3d at 212–13. As in *Columbia*, the successor judge's failure to do so was an abuse of discretion for which there is no adequate remedy by appeal. *See id.* at 209–10, 212–13.

Without hearing oral argument, TEX. R. APP. P. 52.8(c), we conditionally grant Jeffrey's petition for writ of mandamus and direct the successor trial court to specify the reasons why it refused to enter

judgment on the jury verdict. *See In re Columbia,* 290 S.W.3d at 215 (requiring reasons to be "clearly identified and reasonably specific").

We are confident that the trial court will comply, and our writ will issue only if it does not.

Justice LEHRMANN did not participate in the decision.