COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        *In re Valero Refining—Texas, L.P.*

Appellate case number:    01-15-00566-CV

Trial court case number:   12CV1541

Trial court:                        212th District Court of Galveston County

On June 29, 2015, relator, Valero Refining—Texas, L.P., filed a petition for writ of mandamus seeking to vacate the trial court's December 30, 2014 order granting a new trial and the successor trial judge's April 16, 2015 order denying Valero's motion to reconsider the original order granting a new trial. Although the original December 30, 2014 order, signed by the Honorable Bret Griffin, stated Judge Griffin's reasons for granting the motion for new trial, the April 16, 2015 order, signed by the Honorable Patricia Grady, did not state Judge Grady's reasons for her refusal to enter judgment on the jury verdict. Real parties in interest, Vernon and Mikki Fox, filed a response on August 27, 2015.

On September 11, 2015, Valero filed a motion to abate the above-captioned mandamus proceeding, informing this Court that it had simultaneously filed in the trial court a "Motion Requesting the Trial Court to Provide Its Reasons for Refusing to Enter Judgment on the Jury Verdict." Valero seeks an abatement of this mandamus proceeding until October 31, 2015, to allow Judge Grady to consider its motion and provide her reasons for why she will not reconsider the December 30, 2014 order granting a new trial and enter judgment on the jury verdict. The Foxes do not oppose the motion to abate.

Mandamus will not issue against a new trial judge for what a former one did. *See In re Baylor Med. Ctr. at Garland*; 280 S.W.3d 227, 228 (Tex. 2008); *see also* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). When a successor trial judge enters an order reaffirming the original grant of a motion for new trial, "[t]hat order is effectively an order refusing to enter judgment on the jury verdict and affects the rights of the parties no less than did the orders of the original judge." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 214 (Tex. 2009); *see also In re Baylor Med. Ctr. at Garland*, 289 S.W.3d 859, 861 (Tex. 2009) ("[T]he trial court abused its discretion by refusing to enter judgment on the jury verdict and granting a new trial without specifying its reasons for doing so."). Courts

presume that the successor judge had specific reasons for entering the order reaffirming the original order, and the party challenging the order granting a new trial "is entitled to know those reasons just as much as it would be entitled to know the reasons for the orders entered by the former trial judge." *In re Columbia Med. Ctr.*, 290 S.W.3d at 214; *see also In re Cook*, 356 S.W.3d 493, 495 (Tex. 2011) (per curiam) ("Reaffirming the former trial court's order was tantamount to granting the motion for new trial. Consequently, the successor trial court must provide its own statement of the reasons for setting aside a jury verdict.").

Here, Judge Grady declined to reconsider Judge Griffin's original order granting the motion for new trial, but she did not state her reasons for setting aside the jury verdict. Valero is entitled to know those reasons. Valero's motion to abate this mandamus proceeding is therefore **granted**, and this case is **abated** and **remanded** to allow Judge Grady the opportunity to provide her reasons for reaffirming Judge Griffin's order granting a new trial. *See In re Cook*, 356 S.W.3d at 495; *In re Columbia Med. Ctr.*, 290 S.W.3d at 214; *In re Baylor Med. Ctr.*, 289 S.W.3d at 861.

The Court orders the trial court clerk to file, **within 30 days** of the date of this order or, if the trial court schedules a hearing, **within 30 days** of that hearing, a supplemental clerk's record containing Judge Grady's order stating her reasons for reaffirming the original order granting a new trial with the Clerk of this Court. This case is abated, treated as a closed case, and removed from this Court's active docket. This mandamus proceeding will be reinstated on this Court's active docket when a compliant supplemental clerk's record, and a supplemental reporter's record, if any, are filed. The Court will also consider a motion to reinstate by either party.

The deadline for Valero to file its reply to the Foxes' response to the mandamus petition, if any, is extended until ten days after this mandamus proceeding is reinstated in this Court.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
        ☒ Acting individually    ☐ Acting for the Court

Date: September 16, 2015