ACCEPTED
01-15-00566-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/21/2015 4:04:44 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00566-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/21/2015 4:04:44 PM
CHRISTOPHER A. PRINE
Clerk

## In the

## Court of Appeals for the First District of Texas

**IN RE VALERO REFINING—TEXAS, L.P.,**

*Relator.*

Original Proceeding from the 212th District Court
Galveston County, Texas
Cause No. 12CV1541

## UNOPPOSED MOTION TO DISMISS MANDAMUS AS MOOT

I.

In response to Valero's motion to abate, the Court ordered this case "abated and remanded to allow Judge Grady the opportunity to provide her reasons for reaffirming Judge Griffin's order granting a new trial." *See* Order of September 16, 2015, Exhibit A, CR4-5. Further, the Court ordered "the trial court clerk to file, within 30 days of the date of this order or, if the trial court schedules a hearing, within 30 days of that hearing, a supplemental clerk's record containing Judge Grady's order stating her reasons for reaffirming the original order granting a new trial with the Clerk of this Court." *Id.*; CR5.

48256_1

Promptly following this Court's order of abatement, the trial court set an oral hearing on September 25, 2015, at which time Judge Grady heard arguments of counsel and took under consideration Valero's Motion Requesting the Trial Court to Provide Its Reasons for Refusing to Enter Judgment on the Jury Verdict. CR35. Both sides briefed their arguments in the trial court and provided their positions at the hearing as to whether Judge Grady could set aside her previous order and render judgment on the verdict.

## II.

Within the 30 days' time provided under this Court's abatement order, on October 12, 2015, Judge Grady set aside her previous ruling, and she signed an order ruling that "the new trial Order of December 30, 2014 should be set aside or vacated, and the Final Judgment of December 30, 2014 should be reinstated, in conformity with the jury verdict." *See* Order Granting Defendant's Motion to Reconsider the Order Granting Motion for New Trial of Plaintiffs Vernon Fox and Mikki Fox, attached as Exhibit B, CR16-17. The Order signed on October 12, 2015 recites that the appellate deadlines will run from the date of the order setting aside the new trial: "In a situation such as this when 'a new trial is granted and later withdrawn, the appellate deadlines run from the later order granting reinstatement rather than the earlier order.' *In re Baylor Med. Ctr, at Garland*, 280 S.W.3d 227,231 (Tex. 2008) (orig. proceeding)." CR16.

On October 13, 2015, the Galveston County District Clerk filed a clerk's record containing Judge Grady's order, in compliance with this Court's directive. CR16. The clerk's record contains this Court's abatement order, and it contains the trial court's ruling that sets aside the new trial and reinstates the jury verdict.

## III.

It now appears this mandamus proceeding is moot and should be dismissed because Valero has received the relief requested in its mandamus petition. *See In re Gonzales,* 03-12-00611-CV, 2013 WL 238736, at *1 (Tex. App.—Austin Jan. 17, 2013, orig. proceeding); *In re Luna*, 317 S.W.3d 484, 484 (Tex. App.—Amarillo 2010, orig. proceeding). In its mandamus petition, Valero requested an order "compelling the trial court to vacate the new trial order and reinstating judgment on the jury's verdict." Mand. Pet. at 36.

With that relief having been granted by the trial court on Valero's motion, following the abatement granted by this Court, Valero now requests that the Court lift its abatement and dismiss this mandamus proceeding. All costs in the appellate courts will be borne by the party incurring those costs.

### PRAYER

Relator, Valero Refining—Texas, L.P. requests that the Court lift its abatement and dismiss this mandamus action without prejudice. Valero further prays for any other relief to which it is entitled.

3

Respectfully Submitted:

David W. Burns
State Bar No. 00785735
db@tekellbook.com
TEKELL, BOOK, ALLEN & MORRIS, LLP
1221 McKinney, Suite 4300
Houston, Texas 77010
713.222.9542–telephone
713.655.7727–facsimile

James F. Bennett
State Bar No. 46826
jbennett@dowdbennett.com
Megan Heinsz
State Bar No. 56377
mheinsz@dowdbennett.com
DOWD BENNETT, LLP
7733 Forsyth Boulevard
St. Louis, Missouri 63105
314.889.7300–telephone
314.863.2111–facsimile

HOGAN & HOGAN

By: */s/ Richard P. Hogan, Jr.*
    Richard P. Hogan, Jr.
    State Bar No. 09802010
    rhogan@hoganfirm.com
    Jennifer Bruch Hogan
    State Bar No. 03239100
    jhogan@hoganfirm.com
    James C. Marrow
    State Bar No. 24013103
    jmarrow@hoganfirm.com
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002
713.222.8800–telephone
713.222.8810–facsimile

Alex M. Miller
State Bar No. 00791263
alex.miller@valero.com
THE VALERO COMPANIES
One Valero Way
San Antonio, Texas 78249
210.345.2857–telephone
210.345.4567–facsimile

ATTORNEYS FOR RELATOR VALERO REFINING—TEXAS, L.P.

## CERTIFICATE OF CONFERENCE

Counsel for Relator has conferred with counsel for Real-Parties-In-Interest, Iain G. Simpson, and Real-Parties-In-Interest are unopposed to this motion.

/s/ Richard P. Hogan, Jr.
Richard P. Hogan, Jr.
Dated: October 21, 2015

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded to all counsel of record by the Electronic Filing Service Provider, if registered; a true and correct copy of this document was forwarded to all counsel of record not registered with an Electronic Filing Service Provider and to all other parties as follows:

Counsel for Real-Parties-In-Interest:

Iain G. Simpson
SIMPSON, P.C.
1333 Heights Boulevard, Suite 102
Houston, Texas 77008
*Via TexFile*

Alton C. Todd
THE LAW FIRM OF ALTON C. TODD
312 S. Friendswood Drive
Friendswood, Texas 77546
*Via TexFile*

Respondent:

The Honorable Patricia Grady
212th Judicial District Court
600 59th Street
Galveston, Texas 77550
*Via US Mail*

*/s/ Richard P. Hogan, Jr.*
Richard P. Hogan, Jr.
Dated: October 21, 2015

# Exhibit A

Order of September 16, 2015
CR(Oct. 13, 2015)4-5



## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER OF ABATEMENT

Appellate case name:     *In re Valero Refining—Texas, L.P.*

Appellate case number:   01-15-00566-CV

Trial court case number: 12CV1541

Trial court:             212th District Court of Galveston County

On June 29, 2015, relator, Valero Refining—Texas, L.P., filed a petition for writ of mandamus seeking to vacate the trial court's December 30, 2014 order granting a new trial and the successor trial judge's April 16, 2015 order denying Valero's motion to reconsider the original order granting a new trial. Although the original December 30, 2014 order, signed by the Honorable Bret Griffin, stated Judge Griffin's reasons for granting the motion for new trial, the April 16, 2015 order, signed by the Honorable Patricia Grady, did not state Judge Grady's reasons for her refusal to enter judgment on the jury verdict. Real parties in interest, Vernon and Mikki Fox, filed a response on August 27, 2015.

On September 11, 2015, Valero filed a motion to abate the above-captioned mandamus proceeding, informing this Court that it had simultaneously filed in the trial court a "Motion Requesting the Trial Court to Provide Its Reasons for Refusing to Enter Judgment on the Jury Verdict." Valero seeks an abatement of this mandamus proceeding until October 31, 2015, to allow Judge Grady to consider its motion and provide her reasons for why she will not reconsider the December 30, 2014 order granting a new trial and enter judgment on the jury verdict. The Foxes do not oppose the motion to abate.

Mandamus will not issue against a new trial judge for what a former one did. *See In re Baylor Med. Ctr. at Garland*; 280 S.W.3d 227, 228 (Tex. 2008); *see also* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). When a successor trial judge enters an order reaffirming the original grant of a motion for new trial, "[t]hat order is effectively an order refusing to enter judgment on the jury verdict and affects the rights of the parties no less than did the orders of the original judge." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 214 (Tex. 2009); *see also In re Baylor Med. Ctr. at Garland*, 289 S.W.3d 859, 861 (Tex. 2009) ("[T]he trial court abused its discretion by refusing to enter judgment on the jury verdict and granting a new trial without specifying its reasons for doing so."). Courts

presume that the successor judge had specific reasons for entering the order reaffirming the original order, and the party challenging the order granting a new trial "is entitled to know those reasons just as much as it would be entitled to know the reasons for the orders entered by the former trial judge." *In re Columbia Med. Ctr.*, 290 S.W.3d at 214; *see also In re Cook*, 356 S.W.3d 493, 495 (Tex. 2011) (per curiam) ("Reaffirming the former trial court's order was tantamount to granting the motion for new trial. Consequently, the successor trial court must provide its own statement of the reasons for setting aside a jury verdict.").

Here, Judge Grady declined to reconsider Judge Griffin's original order granting the motion for new trial, but she did not state her reasons for setting aside the jury verdict. Valero is entitled to know those reasons. Valero's motion to abate this mandamus proceeding is therefore **granted**, and this case is **abated** and **remanded** to allow Judge Grady the opportunity to provide her reasons for reaffirming Judge Griffin's order granting a new trial. *See In re Cook*, 356 S.W.3d at 495; *In re Columbia Med. Ctr.*, 290 S.W.3d at 214; *In re Baylor Med. Ctr.*, 289 S.W.3d at 861.

The Court orders the trial court clerk to file, **within 30 days** of the date of this order or, if the trial court schedules a hearing, **within 30 days** of that hearing, a supplemental clerk's record containing Judge Grady's order stating her reasons for reaffirming the original order granting a new trial with the Clerk of this Court. This case is abated, treated as a closed case, and removed from this Court's active docket. This mandamus proceeding will be reinstated on this Court's active docket when a compliant supplemental clerk's record, and a supplemental reporter's record, if any, are filed. The Court will also consider a motion to reinstate by either party.

The deadline for Valero to file its reply to the Foxes' response to the mandamus petition, if any, is extended until ten days after this mandamus proceeding is reinstated in this Court.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
$\boxtimes$ Acting individually    $\square$ Acting for the Court

Date: September 16, 2015

# Exhibit B

Order Granting Defendant's Motion to Reconsider the Order
Granting Motion for New Trial of Plaintiffs
Vernon Fox and Mikki Fox
CR(Oct. 13, 2015)16-17

CAUSE NO. 12CV1541

VERNON FOX AND MIKKI FOX                    §           IN THE DISTRICT COURT OF

VS.                                                             §           GALVESTON COUNTY, TEXAS

NUSTAR LOGISTICS, LP.,
and VALERO ENERGY CORPORATION      §           212TH JUDICIAL DISTRICT

**ORDER GRANTING DEFENDANT'S MOTION TO
RECONSIDER THE ORDER GRANTING MOTION FOR NEW TRIAL OF
PLAINTIFFS VERNON FOX AND MIKKI FOX**

This Court, having considered Defendant Valero Refining—Texas, L.P.'s Motion to Reconsider the Order Granting Motion for New Trial of Plaintiffs Vernon Fox and Mikki Fox, and all responses, briefing, and arguments regarding that motion, finds that the motion should be GRANTED, the new trial Order of December 30, 2014 should be set aside or vacated, and the Final Judgment of December 30, 2014 should be reinstated, in conformity with the jury verdict.

It is hereby ORDERED, ADJUDGED, AND DECREED that, upon reconsideration, the Motion for New Trial of Plaintiffs Vernon Fox and Mikki Fox is denied.

It is hereby ORDERED, ADJUDGED, AND DECREED that this Court's new trial Order of December 30, 2014 is set aside and vacated.

It is hereby ORDERED, ADJUDGED, AND DECREED that this Court's Final Judgment, signed on December 30, 2014 is reinstated.

All relief not expressly granted herein is denied. The Final Judgment finally disposes of all claims and all parties and is appealable. In a situation such as this when "a new trial is granted and later withdrawn, the appellate deadlines run from the later order granting reinstatement rather than the earlier order." *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 231 (Tex. 2008) (orig. proceeding).

16

SIGNED this 12 day of October , 2015.

_Patricia Grady_
JUDGE PRESIDING

APPROVED:

**TEKELL, BOOK, ALLEN & MORRIS, L.L.P.**

_David W. Burns_
DAVID W. BURNS
State Bar No. 00785735
1221 McKinney, Suite 4300
Houston, Texas 77010
(713) 222-9542
(713) 655-7727 Facsimile
Email: dburns@tekellbook.com

and

**DOWD BENNETT L.L.P.**
JAMES F. BENNETT
State Bar No. 46826
MEGAN SUSAN HEINSZ
State Bar No. 56377
7733 Forsyth Boulevard, Suite 1900
St. Louis, MO 63105
(314) 889-7302
(314) 863-2111 Facsimile
Email: jbennett@dowdbennett.com
Email: mheinsz@dowdbennett.com

**ATTORNEYS FOR DEFENDANT,**
**VALERO REFINING-TEXAS, L.P.**