

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-24-00354-CV |
| KA C. WONG, M.D., | § | |
| | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator Ka C. Wong, M.D. (Dr. Wong) has filed a mandamus petition against Respondent, the Honorable Patrick M. Garcia, Judge of the 384th District Court of El Paso County, Texas. Dr. Wong seeks a writ of mandamus directing Respondent to vacate its order granting the motion for new trial filed by Real Party in Interest, Deborah Yates Contreras (Yates).[1] In two issues, Dr. Wong asserts Respondent's written order is facially invalid because it provides no reason for the court's grant of a new trial. We conditionally grant mandamus relief.

---

[1] The underlying case is *Deborah Yates Contreras v. Ka C. Wong, M.D.*, Cause No. 2018DCV0109, pending in the 384th District Court of El Paso County, Texas, the Honorable Patrick M. Garcia presiding.

# I. BACKGROUND

Yates filed a negligence suit against Dr. Wong. Her petition alleged Dr. Wong had treated her for a right bundle branch block and atrial fibrillation with a suspected pulmonary embolism. Dr. Wong's treatment included placement of an IVC filter to prevent further clotting and embolisms. Dr. Wong testified that Yates failed to follow up with him or any other physician within the timeframe he had recommended for removal of the filter. After several months, Yates sought treatment from Dr. Raja, who tried to remove the filter but could not do so. By her lawsuit, Yates alleged Dr. Wong had negligently failed to inform her of the risks of the IVC filter, failed to timely remove the IVC filter, and negligently provided care to her during the course of her treatment.

After a one week jury trial, the jury returned a verdict favorable to Dr. Wong. On the claim of failure to inform, the jury found that, even though Dr. Wong had failed to adequately disclose certain risks and hazards to Yates, it also found a reasonable person would not have refused the treatment if the risks had been disclosed. Further, when asked whether any negligence by Dr. Wong or Yates proximately caused Yates's injury, the jury answered "No" for Dr. Wong and "Yes" for Yates. Accordingly, the jury allotted 100% responsibility to Yates, 0% to Dr. Wong, and it awarded Yates no damages.

Yates thereafter filed a motion for new trial based on "newly discovered evidence." Yates alleged Dr. Wong had "changed his opinion and previous testimony during trial," in regard to his opinion of Dr. Raja's treatment. Yates urged that Dr. Wong never supplemented his opinions and "forced [her] to try a new and different case." In support of her motion, Yates attached Dr. Wong's original discovery responses, the cover page of Dr. Wong's pretrial deposition, and her counsel's affidavit where counsel attested that "new evidence was presented in Court." In response, Dr.

2

Wong argued he supplemented his discovery response a year before trial where he asserted Yates was "contributorily negligent for failing to follow up as instructed."

The trial court held a hearing on the motion for new trial where it heard argument from both sides. Yates's counsel argued that Dr. Wong had testified during pretrial discovery that he "blamed a substantial portion of [Yates's injuries] on Dr. Raja." Counsel asserted Dr. Wong "changed his entire testimony and had no criticism whatsoever of Dr. Raja and put all the criticisms . . . on [] Yates." He contended that Dr. Wong did not answer the interrogatory questions as to whether he claimed another person caused the injury in question. Further, counsel noted he had considered whether to ask for a mistrial but decided not to pursue one because of the time and effort put into the trial. He noted that he thought it made more sense to finish the case and "fix[] it if we had to."

The trial court took the motion under advisement and, a few days later, it granted the motion for new trial. The trial court did not specify any reason for its decision. In pertinent part, the new-trial order reads as follows:

**ORDER GRANTING PLAINTIFF'S MOTION FOR NEW TRIAL**

On February 16, 2024, the Court considered the motion of Plaintiff Debra Contreras Yates for a new trial of this case.

The Court, having fully considered the motion and response, and having heard the argument of counsel, is of the opinion that the motion should be granted.

IT IS THEREFORE ORDERED that the judgment rendered in this cause January 19, 2024, and the verdict of the jury on which the judgement was rendered, are set aside, and that the motion for a new trial of this cause is GRANTED.

SIGNED this 13 day of February, 2024.

PATRICK GARCIA, JUDGE
384th District Court

3

Following this grant of new trial, Dr. Wong filed his petition for writ of mandamus contending (1) the trial court's order granting new trial was facially invalid because it contained no specific, articulated reason for which a new trial is legally appropriate, and (2) there is no valid merit-reason for granting the motion for new trial based on Yates's newly discovered evidence theory or on her claim that Dr. Wong failed to supplement discovery.

## II. MOTION FOR INVOLUNTARY DISMISSAL

As a preliminary matter, we first address Yates's motion for involuntary dismissal of this original proceeding. Yates argues this Court lacks appellate jurisdiction. She argues the order appealed from or complained about is not a final judgment, nor an interlocutory order made appealable as provided by § 51.014 of the Texas Civil Practice & Remedies Code. Yates contends her grounds for new trial were "clearly briefed and argued," and the trial court had "absolute discretion" to grant her relief. She thus urges the grant of a new trial is not reviewable by this Court. We disagree.

Although a trial court has discretion to grant a new trial for "good cause," the Supreme Court of Texas has cautioned that such discretion has its limits. *In re Davenport*, 522 S.W.3d 452, 456 (Tex. 2017). Accordingly, an appellate court may direct a trial court to vacate a new trial order by mandamus when appropriate. *See, e.g., In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 758–59 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688 (Tex. 2012) (orig. proceeding); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding). Specifically, in *In re Columbia,* the Supreme Court reasoned that harm results when a trial court grants a new trial without articulating reasons or when its reasons are legally invalid. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985), *disapproved of by In re Columbia Med. Ctr. of Las Colinas*, Subsidiary, L.P., 290

S.W.3d 204 (Tex. 2009). Here, in seeking an involuntary dismissal of this proceeding, Yates solely relies on cases predating these controlling authorities. As a result, we are unpersuaded by her argument.

Accordingly, we deny Yates's motion for involuntary dismissal of this original proceeding.

## III.    STANDARD OF REVIEW

To obtain mandamus relief, a relator must generally show: (1) that she has no adequate remedy at law and (2) the trial court committed a clear abuse of discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). Because the Supreme Court of Texas has recognized that no adequate appellate remedy is available when a trial court issues an erroneous order for new trial, the first prong of the standard is met in this instance. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 209–10. We focus our inquiry, then, on the second prong only, the question of whether the trial court clearly abused its discretion.

## IV.    NEW TRIAL

In his first issue, Dr. Wong asserts the trial court clearly abused its discretion in granting a motion for new trial without setting forth the reason. He points out that Respondent's new-trial order stated no reason at all for the court's exercise of its discretion. To this extent, he contends the new trial order is facially invalid as a matter of law.

### A.  Clear abuse of discretion

"A trial court abuses its discretion when [its] decision is arbitrary, unreasonable, and without reference to guiding principles." *See In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019) (internal quotations omitted). "Trial courts have no discretion in determining what the law is or in the application of the law to the facts." *In re Fox River Real Est. Holdings, Inc.*, 596 S.W.3d 759, 763 (Tex. 2020) (orig. proceeding). Relevant to this proceeding, the Supreme Court has recognized

5

that "[j]ury trials are essential to our constitutionally provided method for resolving disputes when parties themselves are unable to do so." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 211 (citing Tex. Const. art. I, § 15, art. V, § 10; *Wal–Mart Stores, Inc. v. Seale*, 904 S.W.2d 718, 722 (Tex. App.—San Antonio 1995, no writ)).

Consequently, when parties to a dispute choose to resolve it by jury trial, both they and the public generally expect that a jury verdict will close the trial process. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 213. As much as expectations may be "overly optimistic," they are entitled nonetheless to sufficient respect by the legal system. *Id*. (providing that "a vague explanation in setting aside a jury verdict does not enhance respect for the judiciary or the rule of law" as it detracts from the transparency that courts strive to achieve). Both the parties and the public "are entitled to an understandable, reasonably specific explanation [as to] why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retired." *Id.* at 213; *see also In re Rudolph Auto., LLC*, 674 S.W.3d 289, 299 (Tex. 2023) (orig. proceeding).

To be facially valid, an order granting a new trial must be "cogent," "legally appropriate," "specific enough to indicate that the trial court did not simply parrot a pro forma template," and issued "only after careful thought and for valid reasons." *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. "An order that does not satisfy these requirements may be corrected by mandamus." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 757. As but one example, "a new–trial order based on a factual-sufficiency review must indicate that the trial [court] considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings." *In re Bent*, 487 S.W.3d 170, 176 (Tex. 2016) (orig. proceeding) (internal quotations omitted).

6

Here, the trial court's written order stated the motion and arguments of counsel had been considered, but it otherwise provided no reason for its ruling. As such, the trial court's order fails to facially satisfy the sufficiency requirements of such orders. *In re Rudolph Auto., LLC*, 674 S.W.3d at 299 ("[I]t is an abuse of discretion to grant a new trial if the order is not accompanied by meaningful reasons."); *In re Cook*, 356 S.W.3d 493, 494 (Tex. 2011) (orig. proceeding) (mandamus relief warranted because trial court granted a motion for new trial "without stating the reasons for doing so"); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 206, 213 (granting new trial "in the interests of justice and fairness" was insufficient); *In re Sanchez*, No. 01-23-00309-CV, 2024 WL 2061673, at *5 (Tex. App.—Houston [1st Dist.] May 9, 2024, orig. proceeding) (mem. op.) (reasons stated for granting new trial "lack[ed] clarity and reasonable specificity").

Accordingly, we hold the trial court clearly abused its discretion in granting Yates's motion for new trial without providing a meaningful reason. *See In re Rudolph Auto.*, 674 S.W.3d at 299. Moreover, the Texas Supreme Court has recognized that an erroneous grant of a new trial presents an extraordinary circumstance that warrants mandamus relief. *In re Toyota Motor Sales, U.S.A.*, 407 S.W.3d at 759. "[A]bsent mandamus review, [parties] will seemingly have no appellate review of orders granting new trial." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 209. Because the trial court abused its discretion in rendering its order for new trial, Dr. Wong established his entitlement to relief.

We sustain Dr. Wong's first issue.

Having sustained his first issue, we need not address Dr. Wong's second issue. Moreover, we decline his request to direct the trial court to render judgment on the verdict and in his favor. Without an order providing the trial court's reason for ordering a new trial, we cannot determine

whether or not such relief is warranted. *See In re United Scaffolding*, 377 S.W.3d at 690 ("The trial court's failure to properly state why it granted a new trial does not mandate a conclusion that it did not have a valid reason for doing so. And absent the trial court's having particularized its reason—or reasons—United would be entitled to mandamus directing the trial court to render judgment on the verdict only if it showed no valid basis exists for the new-trial order.").

## V.    CONCLUSION

We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its order granting Yates's motion for new trial, and thereafter to enter a new order specifying the reason or reasons for such ruling. We deny Dr. Wong's request that we direct the trial court to render a final judgment on the jury's verdict and findings. We vacate our order staying all trial court proceedings. The writ will issue only if the trial court fails to comply with this opinion.


GINA M. PALAFOX, Justice

December 4, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

8