

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00180-CR

IN RE JOSEPH HERCULES NORTON, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

July 25, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before the Court is a pro se petition for writ of mandamus. Through it, Joseph Hercules Norton again seeks to compel the Honorable Ron Enns, former presiding judge of the 69th Judicial District, to act upon an "11.07 Habeas Corpus Writ" ("Cause No. 33796A-766") allegedly filed with that court. We deny the petition for the following reasons.

First, a relator is obligated to accompany his petition with an appendix containing documents "showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Here, the underlying complaint is that the trial court has failed to act upon an application for writ of habeas corpus within a reasonable time. The purported application for that writ would be

a document showing the "matter complained of." Yet, Norton filed no appendix; nor did he otherwise accompany his petition to us with the document. So, we lack the proof needed to illustrate that a motion pends before the trial court necessitating action.

Second, this Court takes judicial notice that the respondent, the Honorable Ron Enns, retired from the bench and no longer serves as the presiding judge of the 69th Judicial District. The Honorable Kimberly Allen now holds the office. That too is problematic. Normally, mandamus will not issue against a new judge for what a former one did. *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding). Though Norton's complaint involves purported inaction by a former jurist, Judge Allen must be afforded opportunity to act before mandamus can issue. Indeed, a court may not be faulted by delaying action on a matter about which it knows not. *See In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (holding that a complaint criticizing alleged inaction of a trial court upon a pending application for a writ of habeas corpus "would necessarily require [the complainant] to illustrate that the trial court was aware of the motion").

We deny Norton's petition for writ of mandamus. We further Order the Clerk of this Court to forward a copy of this opinion to Judge Allen via means giving the judge notice of it and relator's statements about a purported application for writ of habeas corpus pending for disposition.

Brian Quinn
Chief Justice

Do not publish.

2